## CURTIS et al. v. WELKER.

(Court of Appeals of District of Columbia. Submitted February 7, 1924.
Decided March 3, 1924.)

No. 4008.

1. Contribution ⬿5—Where directors are equally culpable for peculations of treasurer, those compelled to indemnify corporation cannot enforce contribution from others.

Where the culpability of each of the directors of a corporation for failing to prevent peculations of the treasurer of the corporation was of the same degree, the directors who were compelled to indemnify the corporation for the resulting loss cannot enforce contribution from another director.

2. Courts ⬿96(I)—Court of Appeals must follow federal Supreme Court decision.

The Court of Appeals of the District of Columbia must follow a prior decision of the United States Supreme Court.

Appeal from the Supreme Court of the District of Columbia.

Suit by Allen Curtis and others against Scott E. Welker. From an order granting a motion to dismiss the bill, plaintiffs appeal. Affirmed.

Charles S. Baker, of Washington, D. C., for appellants.

George E. Hamilton, J. J. Hamilton, H. R. Gower, Edmund Brady, and George E. Hamilton, Jr., all of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. Allen Curtis, Ellis P. Earle, and Howard Paschal instituted this suit against Scott E. Welker for contribution. A motion to dismiss the bill was sustained, and the plaintiffs appeal.

[1] Appellants and the appellee, with four others, constituted the board of directors of a corporation having its principal place of business in New York City. The treasurer of the corporation misappropriated its funds, and the corporation brought action against the directors to recover the amount of the peculations. In the action the corporation charged that the loss sustained by it through the treasurer's dishonesty was wholly due to the negligence of each and all of the defendants in the performance of their duties as directors. Only the appellants were served. They defended on behalf of themselves and the other directors. Appellee, though not served, contributed to the expense of the defense. A judgment was entered against the served defendants, which, after some modification, was affirmed by the Appellate Division of the Supreme Court of New York. Tri-Bullion Smelting & D. Co. v. Curtis, 186 App. Div. 613, 174 N. Y. Supp. 836. In the opinion affirming it the court said that slight attention to the affairs of the corporation by the directors would have uncovered the dishonest practices of the treasurer, but that they failed to give the matter that attention, and for the consequences of their negligence in that regard they were liable. The case was taken to the Court of Appeals of New York, where it was affirmed. 230 N. Y. 629, 130 N. E. 921. Appel-

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

lants here paid the judgment, and now seek contribution from their fellow director, the appellee.

From the foregoing statement it is manifest that the appellants and the appellee, as well as the other directors, were in pari delicto. Each was charged in the action of the corporation against them with having neglected his official duties as director and with responsibility because of this neglect for the losses which the corporation had sustained. By the judgment of three courts that charge was found to be true. There is, therefore, no difference in character or degree between the negligence chargeable to the appellants and that with which the appellee is charged, as indicated by the bill. Under those circumstances may the appellants have contribution?

There is much equity in the claim made by the appellants, but we are not free to enforce it. The Supreme Court of the United States, in Union Stock Yards Co. of Omaha v. Chicago, Burlington & Quincy Railroad Co., 196 U. S. 217, 224, 25 Sup. Ct. 226, 49 L. Ed. 453, 2 Ann. Cas. 525, announced the rule which must govern us. In that case a railroad company delivered a car with defective brakes to a terminal company. Both companies failed to discover the defect, which could have been done by proper inspection. An employé of the terminal company, who was injured as a result of the defective brakes, sued the terminal company alone, and recovered. In an action by that company against the railroad company for the amount paid on the judgment, the court held that, as both companies were wrongdoers and were guilty of a gross neglect of duty in failing to inspect the car before putting it in use, the fact that the first duty was required of the railroad company did not bring the case within the exception to the rule which permits one wrongdoer who has been mulcted in damages to recover indemnity or contribution from another on the ground that the latter was primarily responsible, and refused relief to the terminal company. In the course of its opinion the court said:

"* * * the general principle of law is well settled that one of several wrongdoers cannot recover against another wrongdoer, although he may have been compelled to pay all the damages for the wrong done. In many instances, however, cases have been taken out of this general rule, and it has been held inoperative, in order that the ultimate loss may be visited upon the principal wrongdoer, who is made to respond for all the damages, where one less culpable, although legally liable to third persons, may escape the payment of damages assessed against him by putting the ultimate loss upon the one principally responsible for the injury done."

And it held, as we have just stated, that the fact that the first duty was required of the railroad company did not bring the terminal company within the exception. In the case before us the culpability of all the defendants was the same. It cannot be said that one was more responsible for the injury than the others; therefore it is governed by the general rule. In an earlier decision, Washington Gas Co. v. District of Columbia, 161 U. S. 316, 327, 16 Sup. Ct. 564, 40 L. Ed. 712, the court gave expression to the same principle as that announced in the Stock Yards Case.

[2] Counsel for the appellants urge with much force the proposition that, where the violation of law or of duty was not intentional, contri-

bution may be compelled, and cite texts and decisions to support their position. But there was no intentional violation of law or duty by either party in the Stock Yards Case, and yet contribution was denied. Therefore to adopt the rule so urgently contended for would be to fly in the face of the decision of the Supreme Court of the United States, and this is not permissible. If the rule is to be changed it must be done by the Supreme Court or by Congress. We have no right to do it.

An effort is made to distinguish the instant case from the Stock Yards Case upon the ground that the principal wrongdoer here is the treasurer, who abstracted the funds. But we do not think the distinction is well taken. We are dealing here with the law applicable to joint wrongdoers. The treasurer was not a joint tort-feasor with the directors; therefore his act cannot be considered in determining the issue.

Because the decree of the lower court is in accordance with law, it is affirmed, with costs.

Affirmed.