**KNELL v. FELTMAN.**

No. 9600.

United States Court of Appeals
District of Columbia Circuit.

Re-argued Dec. 14, 1948.

Decided April 27, '1949.

Messrs. John A. Kendrick and J. Robert Carey, both of Washington, D. C., for appellant.

Mr. Paul J. Sedgwick, of Washington, D. C., for appellee.

Mr. Edmund L. Jones, of Washington, D. C., amicus curiae, appointed by this court.

Mr. David G. Bress, of Washington, D. C., amicus curiae, appointed by this court.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and PROCTOR, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

On May 19, 1945, Evelyn Langland and her husband were guest passengers in an automobile owned and operated by Kenneth E. Knell. At 12th Street and Pennsylvania Avenue, in the District of Columbia, the car in which they were riding collided with a taxicab owned by Ralph L. Feltman and operated by his employee, as a result of which Mrs. Langland was seriously injured. She and her husband sued Feltman to recover damages. After answering, Feltman filed a third-party complaint against Knell, asserting the collision was caused by the contributing or sole negligence of Knell. In this answer to the third-party complaint, Knell denied he was negligent, and alleged Mrs. Langland's injuries were caused only by Feltman's negligence; he also counterclaimed against Feltman to recover damages for his own personal injuries. The Langlands did not amend their complaint to assert a claim against Knell.

The case was submitted to the jury on special interrogatories which, with the jury's answers, are as follows:

"1. Was the driver of the car of the defendant, Ralph L. Feltman, negligent, and if so, was his negligence the sole or a contributing cause of the collision between the two vehicles?

"Answer: Yes—contributing.

"2. If you find that the driver of the car of the defendant, Feltman, was negligent, then (a) fix the sum of money that would fairly and reasonably compensate her for the injuries resulting to her from the collision between the two vehicles, and (b) the sum of money that would fairly and reasonably compensate her husband for any damage which he may have received as a result of this collision.

"Answer: (a) $10,000.00. (b) $1,500.00.

"3. Was the cross defendant, Kenneth E. Knell, negligent, and if so, was his negligence the sole or a contributing cause of the collision between the two vehicles?

"Answer: Contributing.

"4. If you find that the driver of the Feltman car was negligent and the cross defendant, Knell, was not negligent, then fix the sum of money that would fairly and reasonably compensate him for damages resulting to him from this collision.

"Answer: Not answered."

Thereupon the court awarded the Langlands a judgment against Feltman for $11,500, but entered judgment in his favor against Knell "in an amount equal to one-half of the amount paid by the defendant Ralph L. Feltman to the plaintiffs, Evelyn Langland and William Langland in excess of fifty percent." In spite of the inapt language just quoted, we think the judgment was in favor of Feltman against Knell in the sum of $5,750, as Feltman has paid to the Langlands the sum of $11,500. Knell appeals.

█ The principal contention of the appellant is that in the District of Columbia there can be no contribution beween concurrent tort-feasors[1] unless the plaintiff

---

[1] For so long courts have used the terms "joint tort-feasors" and "concurrent tort-feasors" interchangeably that the usage must be accepted. Strictly speaking, however, a jointly committed tort results from the concerted action of two or more persons, while a concurrently committed tort results from the independent actions of two or more persons, done at the same time and place, but producing a single injury. Either a jointly committed tort or a concurrently committed tort may result in joint liability on the part of the tort-feasors.

previously has obtained a judgment against both, and unless both were "vicariously" negligent, i. e., liable under the doctrine of respondeat superior.

The first case in this jurisdiction on the subject of contribution was Herr v. Barber, 2 Mackey 545, decided by the Supreme Court of the District of Columbia in 1883, in which the court observed, 2 Mackey at page 556: "The principle that there can be no contribution, at law, enforced by one *tort-feasor* against the other wrong-doers, is limited by the more modern authorities to cases where the transaction, out of which the judgment arises, involves moral turpitude."

Despite this dictum, when the question was first presented to this court, our decision denied the right of contribution between corporate directors liable to stockholders on account of their common neglect of official duties. Curtis v. Welker, 1924, 54 App.D.C. 272, 296 F. 1019.

But in 1942, in George's Radio, Inc., v. Capital Transit Company, 75 U.S.App.D.C. 187, 126 F.2d 219, a suit for contribution after the plaintiff had obtained judgment against two wrongdoers, both of whom were negligent only vicariously, Chief Justice Groner, writing for this court, stated, 75 U.S.App.D.C. at pages 188 and 191, 126 F.2d at page 220, that Curtis v. Welker, supra, applied a rule that

" * * * is not sustainable upon any fair basis of reasoning, is wrong, and should be overruled.

* * * * * *

" * * * we adopt for the District of Columbia the rule that when the parties are not intentional and wilful wrongdoers, but are made so by legal inference or intendment, contribution may be enforced."

Chief Justice Groner's decision controls here, unless this case is distinguished from that one by the fact that in the instant case contribution was sought from one against whom the plaintiffs had not asked or obtained judgment, or by the fact that the present appellant personally participated in the commission of the tort.

## I.

Is Feltman to be denied contribution because the Langlands neither asked nor obtained judgment against Knell? The gist of Knell's argument on this question is that the right to contribution exists only between tort-feasors liable in common to the plaintiff; that his liability to the plaintiff was not established by a judgment against him in favor of the plaintiffs; that, therefore, his and Feltman's common liability to the Langlands was not established, and that consequently Feltman cannot have contribution from him.

Rule 14(a) of the Federal Rules of Civil Procedure[2] refutes the appellant's argument. That Rule is, in pertinent part, as follows: " * * * a defendant may move * * * for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff * * *. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counter-claims and cross-claims as provided in Rule 13. * * *"

The proper application of the third-party practice provided by that Rule is aptly illustrated here. Feltman, as a third-party plaintiff, served a summons and complaint upon Knell, who had not theretofore been

a party to the action, because Knell obviously was a person "who is or may be liable to him [Feltman] for * * * part of the plaintiff's claim against him." Having been served therewith, Knell was under the compulsion of that part of Rule 14(a) which is that one so situated "shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 * * *." Moreover, Knell could have asserted, under the Rule, any defenses which Feltman had to the Langlands' claim. The appellant pleaded nothing, however, except that he was not negligent and "that such injuries, damages and losses as the plaintiffs may have sustained were the result of the sole negligence of the defendant [Feltman]."

Plainly, then, when he had been brought in as a third-party defendant, he was in the thick of the fray, and entitled to participate to the fullest extent as though he had been originally a defendant. To the extent that he failed to exercise that privilege of participation, he did so at his peril, for a third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff.[3]

Knell is not helped by the fact that the Langlands did not amend their complaint to seek judgment against him after Feltman had made him a third-party defendant. They were not required to do so by the Rule, which merely says "The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff * * *." Knell was bound, nevertheless, by the adjudication of Feltman's liability to the Langlands, as under the Rule he had the right to assert against the Langlands any defenses which Feltman had.[4] The jury's finding, which was in effect that the concurrent negligence of Feltman and Knell caused the injuries, made them, as between themselves, jointly responsible for the damages awarded against Feltman.

In addition to being balked by Rule 14(a), the appellant's theory that there can be no contribution unless the plaintiff has first obtained a judgment against both wrongdoers is untenable for still another reason. The right to seek contribution belongs to the tort-feasor who has been forced to pay, and the existence of the right cannot logically depend upon a selection of defendants made by the plaintiff. If it did so depend, the caprice or whim of the plaintiff, or his deliberate intention to fasten liability on one defendant alone, could preclude that defendant from having contribution to which he might otherwise be entitled. Moreover, such an application of the contribution doctrine would open the way to collusion between a plaintiff, and one against whom he has a cause of action, to impose liability solely upon another against whom he has a cause of action for the same wrong.

For these reasons, we see no substance in the suggestion that contribution between concurrent tort-feasors can be enforced only if both are judgment debtors of the plaintiff.

## II.

We come now to consider whether the fact that Knell personally participated in the commission of the tort takes this case

---

[3] It was expressly so provided by Rule 14 before the amendment, approved December 27, 1946, eliminating the provision. But, as pointed out in the Advisory Committee's note to the amendment: "The sentence reading 'The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff, or to the third-party plaintiff' has been stricken from Rule 14(a), not to change the law, but because the sentence states a rule of substantive law which is not within the scope of a procedural rule. It is not the purpose of the rules to state the effect of a judgment."

Cf. 3 Moore's Federal Practice pp. 432–434, 2d Ed. 1948; Brown v. Haertel, 1933, 210 Wis. 354, 244 N.W. 633, 246 N.W. 691.

[4] "Even where the plaintiff asserts no claim against the third party, Rule 14 authorizes the third party to do two things in relation to the plaintiff. (1) He 'may assert against the plaintiff any defenses which the third-party plaintiff [the defendant] has to the plaintiff's claim.' This right is given since he is bound by the adjudication of the third-party plaintiff's liability to the plaintiff." 3 Moore's Federal Practice p. 502, 2d Ed. 1948.

out of the ruling of the George's Radio case where both wrongdoers were "vicariously" negligent.

This consideration logically leads to an examination of the interesting history of the no-contribution doctrine, which is conventionally said to begin with Merryweather v. Nixan, 8 Term Rep. 186, 101 Eng.Rep. 1337 (K.B.1799). The plaintiff and defendant in that case had injured a mill by taking or damaging its machinery and the plaintiff, having satisfied the judgment of the mill owner, sued for contribution. The trial judge non-suited on the ground that "no contribution could by law be claimed as between joint wrongdoers." On appeal, affirming the trial court, Kenyon, C. J., stated "that he had never before heard of such an action having been brought, where the former recovery was for a tort." In 1799, the word "tort" was used only to describe wrongs of a wilful or intentional character.

Due to the brevity of the report and a misleading headnote, the Merryweather case has often been cited in support of the sweeping proposition that no contribution can be had between joint tort-feasors. It is plain, however, that the ruling of the case was limited to the denial of contribution between wilful or intentional wrongdoers.

Nevertheless, after a period of adherence to the true Merryweather holding, the majority of American courts have long flatly said there can be no contribution between joint or concurrent tort-feasors, without distinguishing between those who are intentional wrongdoers and those whose unpurposed negligence results in a tort.

Widespread revulsion against that rule, which Chief Justice Groner said "is not sustainable upon any fair basis of reasoning, is wrong, and should be overruled",[5] was demonstrated when the legislatures of some fifteen states enacted alleviating statutes in one form or another. Dissatisfaction with the rule is further shown by the fact that many courts have "riddled it with exceptions."[6]

Among the exceptions created by the consciences of courts is that contribution may be enforced among concurrent tort-feasors who are only vicariously negligent. Obviously the creation of this exception was a differentiation from the Merryweather situation where the wrongdoers were deliberately such; and so was a recognition, perhaps unconscious, of the true Merryweather rule. Thus went the reasoning: if the tort-feasors were not personally present and had not directed their agents to commit the tort, they could not have intentionally done wrong and, therefore, the harsh rule of no contribution should be relaxed in their favor. No reason appears for denying the same favorable treatment to the unintentionally negligent, even though he personally committed the tortious act.

We conclude that when a tort is committed by the concurrent negligence of two or more persons who are not intentional wrongdoers, contribution should be enforced; that a joint judgment against such tort-feasors is not a prerequisite to contribution between them, and it is immaterial whether they were, or any of them was, personally negligent. In other words, we adopt for the District of Columbia, without exception or reservation, the rule stated by Chief Justice Groner in the George's Radio case "that when the parties are not intentional and wilful wrongdoers, but are made so by legal inference or intendment, contribution may be enforced."

In formulating a definite contribution rule, we desired to use the utmost care and to reexamine meticulously the general subject of contribution. To that end we requested Messrs. Edmund L. Jones and David G. Bress, members of the District of Columbia Bar, to file briefs and participate in oral argument as amici curiae. We are much indebted to them for their scholarly contributions which materially assisted us in the study of the problem.

### III.

The foregoing general rule concerning contribution does not entirely dis-

---

[5] George's Radio, Inc. v. Capital Transit Company, 75 U.S.App.D.C. at page 188, 126 F.2d at page 220.

[6] The words of David G. Bress, amicus curiæ.

pose of the present case. Knell argues that the question of his liability to the Langlands was not "sufficiently submitted" to the jury to warrant a judgment against him in favor of Feltman. He says the jury found him only contributorily negligent. To the extent that he was in the role of a plaintiff seeking to recover from Feltman for his own injuries, his assertion is correct. But the jury's characterization of his negligence as a "contributing" cause of the collision cannot be confined to a finding of technical contributory negligence on the part of Knell when his liability as a third-party defendant is considered. In that role he was in a very real sense cast as a co-defendant with Feltman, even though the Langlands did not declare against him. This is shown by the discussion of the applicability of Rule 14(a) which appears earlier in this opinion.

Only a plaintiff or other claimant can be guilty of what is technically called contributory negligence. It follows that Knell's negligence cannot be classified as such as far as the Langlands are concerned. The question of negligence vel non on the part of Knell toward them was submitted to the jury when the court asked, "Was * * * Knell, negligent, and if so, was his negli-gence the sole or a contributing cause of the collision * * *?" The jury's answer was "Contributing." This was not a finding of technical contributory negligence, except with respect to Knell's cross-claim against Feltman; it was a verdict that Knell's tortious act concurred with that of Feltman to cause Mrs. Langland's injuries. Thus the common liability of Knell and Feltman for Mrs. Langland's hurts was established, as was Knell's liability to Feltman for one-half the damages awarded to the Langlands and paid by Feltman.

It is true that Feltman charged the Langlands with contributory negligence, although Knell did not. But no evidence of such negligence on their part has been pointed out by the parties, so we assume there was none.

From what has been said, it follows that the District Court applied the correct principle of law and that no error appears which was prejudicial to Knell's substantial rights. The cause is remanded to the District Court, however, with instructions to clarify the judgment appealed from by unmistakably awarding to Feltman judgment against Knell in the sum of $5,750.

Affirmed.