**D'ONOFRIO CONSTRUCTION COMPA-NY, Inc., Third-Party Plaintiff, Appellant,**

v.

**RECON COMPANY, Inc., Third-Party Defendant, Appellee.**

No. 5326.

United States Court of Appeals First Circuit.

Heard April 1, 1958.

Decided May 22, 1958.

Richard P. McMahon, Providence, R. I. (Francis V. Reynolds, Providence, R. I., with him on brief), for appellant.

Eugene V. Higgins, Providence, R. I., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY, and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

This is a somewhaat technical case, involving the application of Rule 14 of the Federal Rules of Civil Procedure, 28 U.S. C.A., as affected by the provisions of the Rhode Island statute governing contribution between joint tortfeasors.

The injured party and original plaintiff, Theodore Lauzier, a citizen of Massachusetts, filed his complaint in the United States District Court for the District of Rhode Island on March 29, 1956, against D'Onofrio Construction Company, Inc., a Connecticut corporation doing business in Rhode Island. The complaint alleged that plaintiff was injured on May 4, 1955, while working on a steel scaffold in Newport, R. I., as a result of the negligence of the defendant in the erection or fastening of said scaffold or staging.

On February 13, 1957, which was twenty-one months after the accident, defendant D'Onofrio Construction Company, Inc., moved for leave to bring into the action the Recon Company, Inc., a Rhode Island corporation, as a third-party defendant. Such leave having been granted, D'Onofrio Construction Company, Inc., filed its third-party complaint against Recon Company, Inc., based upon an alternative claim either for indemnity or contribution, charging that the injuries alleged to have been suffered by the original plaintiff "are due to negligence on the part of the third party defendant, its agents and servants and the defendant and third party plaintiff herein is entitled to be indemnified and saved

harmless by the aforesaid third party defendant or to recover contribution pursuant to the Rhode Island Contribution among Tortfeasors Act, Rhode Island Public Laws, 1940, Chapter 940, as amended."

Thereafter Recon Company, Inc., having applied for and secured from the district court five successive extensions of time for filing its third-party answer, finally filed such answer on May 28, 1957, which was more than two years after the original plaintiff received the injuries complained of. On the same day Recon Company, Inc., filed a motion to strike from the third-party complaint all reference to a claim for contribution for the reason that the third-party plaintiff had not yet discharged any common liability, as is required by the Rhode Island statute as a condition to the obtaining of a judgment for contribution. This motion was granted by the district court, by order entered December 4, 1957, said order specifically dismissing the third-party plaintiff's claim for contribution. The court having certified under Rule 54(b) that there was no just reason for delay in entering the aforesaid final judgment dismissing the claim for contribution, D'Onofrio Construction Company, Inc., took its appeal from the said order.

Though the order appealed from left outstanding and undetermined so much of the third-party complaint as was based upon a claim for indemnity, appellant seeks by this appeal to restore the alternative claim for contribution to the terms of its third-party complaint, being evidently not too confident of its ability to establish a claim to indemnity.

The answer filed by Recon Company, Inc., as distinguished from its motion to strike, set up certain additional defenses, including the defense that the Rhode Island two-year statute of limitations had already run, precluding recovery of contribution by D'Onofrio Construction Company, Inc., even though no right to a judgment for contribution had yet accrued to such third-party plaintiff.

Certain points seem to us to be clear:

**■** (1) The absence of any impleader provisions in the practice of the state courts, as is the case here, does not prevent a federal court, even in a diversity case, from availing itself of the purely procedural facilities provided in Rule 14, F.R.C.P.

**■■** (2) But in a diversity case, in view of Erie R. R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, Rule 14 cannot be used to affect substantive results. Therefore, if by the law of the state a joint tortfeasor is not liable to his cotortfeasors for contribution, no such liability can be imposed upon him by the federal court on a third-party complaint under Rule 14. For the same reason, if the law of the state allows contribution only where the original plaintiff has sued the tortfeasors jointly and acquired a judgment against them both, Rule 14 cannot be used when the injured party has chosen to sue only one of the tortfeasors severally; otherwise, if the tortfeasor-defendant could implead a joint tortfeasor not sued, the result would be to enhance the substantive rights of the original defendant over what is given by state law. See Linkenhoger v. Owens, 5 Cir., 1950, 181 F.2d 97; Brown v. Cranston, 2 Cir., 1942, 132 F.2d 631, 148 A.L.R. 1178; Baltimore & Ohio R. R. Co. v. Saunders, 4 Cir., 1947, 159 F.2d 481.

**■** Rhode Island has enacted a statute, modifying somewhat the Uniform Contribution Among Tortfeasors Act, under which the right of contribution among joint tortfeasors is declared, the term "joint tortfeasors" being defined to mean "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." See 2 Gen.Laws R.I.1956, § 10–6–2. Cf. Knell v. Feltman, 1949, 85 U.S.App.D.C. 22, 174 F.2d 662. Rhode Island provides, as does the Uniform Act, that a "joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof. * * * *" § 10–6–4. Such being the

state law, if the original defendant is not entitled to implead a joint tortfeasor under Rule 14 until his right to a judgment for contribution has accrued by the payment of more than his pro rata share of a common liability, then Rule 14 is robbed of the whole of its procedural advantage, since it cannot be invoked to bring the joint tortfeasor into the same jury trial in which the liability of the original defendant is being determined. That demonstrates, we think, that the district court was in error in refusing to permit the impleaded defendant to be held to answer a contingent claim for contribution. The court was not being asked to enter a money judgment against the impleaded defendant at that time; it would be called upon to do that only if the defendant is held liable in the original action and satisfies more than his pro rata share of a common liability.

Under the statute as first enacted in Rhode Island, Pub.L.1940, Ch. 940, and under the terms of the Uniform Contribution Among Tortfeasors Act, since the right to contribution existed although the injured person chose to sue only one of the joint tortfeasors severally, and since the separate claim for contribution did not mature into a right to judgment until one joint tortfeasor had paid more than his pro rata share of the common liability, it has been held to be possible for a joint tortfeasor to be subjected to a suit for contribution long after the period of the statute of limitations had run on a suit against him by the original injured party. See 3 Moore, Federal Practice, par. 14.09 (2d ed. 1948); Ainsworth v. Berg, 1948, 253 Wis. 438, 34 N.W.2d 790, 35 N.W.2d 911. Apparently with this possibility in mind, Rhode Island in 1945 amended its statute so as to add the following provision: "Actions for contribution shall be commenced and sued within two years next after the cause of action shall accrue to the injured person, and not after." Pub.L.1945, Ch. 1635, § 1.

While this peculiar statute of limitations was not suggested to the court, or considered by it, as a ground for entering its order dismissing the third-party complaint for contribution, nevertheless, because more than two years have now run since the cause of action accrued to the original plaintiff, it would be worse than foolish for us, if we thought the district court was mistaken in the view it accepted, to reverse the case and send it back if the court would be obliged to enter another order dismissing the claim for contribution, this time on the ground that the statute of limitations had now run against it, as pleaded in defense in the third-party defendant's answer. Accordingly, it seems clear that we are obliged to face up to the problem presented by this state statute of limitations.

■ In the common statute of limitations applicable to actions for recovery of damages for personal injuries, it is usually provided that the statutory period begins to run from the date on which the cause of action shall have accrued. See, for instance, 2 Gen.Laws R.I.1956, § 9-1-14. But if such a statute of limitations would not be binding in a state court of equity, it certainly would not have to be applied in a federal court of equity, even in a diversity case, for instance, where complainant is seeking an injunction against torts threatened by the defendant in the future. Therefore, giving full weight to all that was said and decided in Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, and recognizing that a federal court in a diversity case, whether in law or in equity, cannot give judgment against the defendant if a similar action in the state court would have been barred by an applicable statute of limitations, nevertheless it is true in such a case that the federal court has to decide the preliminary question whether the state courts would be barred by limitation from giving a judgment against the defendant, if suit had been brought in a state court, either from choice, or from necessity in the happenstance that there was no diversity of citizenship.

In the present case the full state statutory provision in question is to be found in 2 Gen.Laws R.I.1956, § 10-6-4:

"A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof. Actions for contribution shall be commenced and sued within two (2) years next after the cause of action shall accrue to the injured person, and not after."

The first sentence above is not a statute of limitations; it does not prescribe when an action for contribution shall be commenced, but only that the joint tortfeasor is not entitled to a money judgment until he has paid more than his pro rata share of a common liability. The second sentence is the unusual limitation provision of the Rhode Island law. It does not say that a cause of action for contribution shall be commenced within two years after the cause of action shall have accrued, but rather, within two years after the cause of action shall have accrued to the original injured plaintiff.

Let us suppose, then, that the original plaintiff, claiming to have suffered personal injuries on May 4, 1955, brought an action in a Rhode Island state court against one of two joint tortfeasors. The defendant so sued could not bring in the joint tortfeasor by impleader, since this procedural facility is not provided by state law. But does the state law permit this newly created statutory obligation of the joint tortfeasor to pay contribution to be extinguished by the lapse of two years from the date of the personal injuries even though, from the inescapable delays in litigation, it may not be possible to obtain a judicial determination of the original defendant's liability within two years after the date of the accident? We do not think that the terms of the Rhode Island statute would require us to reach this strange result.

■ The function served by any statute of limitations is to give a defendant notice of the assertion of a claim against him before it has become stale, in order that the defendant may be duly warned to preserve his evidence if he wishes to contest the asserted liability. In case the claim against the defendant is only a contingent one, as is the case here, dependent first upon a determination that the original defendant is liable at all, and second, upon payment by him of more than his pro rata share of a common liability, we do not see why the original defendant should not be allowed to file in the state courts a separate complaint against the alleged joint tortfeasor setting forth this contingent claim to contribution which, of course, because of its contingent nature, may never ripen into a judgment. We say this the more readily because nowhere does the Rhode Island statute say that a cause of action for contribution shall be commenced only after a right to contribution shall have matured by payment by one joint tortfeasor of more than his pro rata share of the common liability. The filing of such contingent complaint for contribution adequately serves the function of notice, which is the policy behind all statutes of limitation; it would be, we think, the commencement of an action for contribution, within the meaning of the Rhode Island statute. The only limitation is that the filing of this contingent claim for contribution must be made within two years after the cause of action shall have accrued to the injured person.

■ That requirement of limitation was met in the present case because the contingent third-party complaint for contribution was filed in the federal court under Rule 14 on February 13, 1957, which was only twenty-one months after the accident. In the view we take, therefore, no substantive provision of the Rhode Island law is being ignored.

If there is any reason to be surprised at the foregoing interpretation which we have given to the Rhode Island statute, it is only because of an ingrained notion that a person does not acquire a "cause of action" entitling him to commence a lawsuit until, on the facts alleged in the complaint, he is entitled immediately to the relief sought. No doubt this is usually true. Thus if a plaintiff files a complaint against the Standard Oil Company

seeking to recover damages for bodily injuries which may be inflicted within the next year by the negligence of a truck driver, of course such a complaint would disclose on its face that there is presently no case or controversy between the parties; and so, on motion to dismiss, the court would dismiss the complaint for lack of jurisdiction. But if the event has already occurred out of which a common liability may be asserted to have arisen, and if the injured party has already commenced an action against one of the possible joint tortfeasors, one cannot deny that a case or controversy in a constitutional sense has already come into existence as between the defendant sued and the other possible joint tortfeasor who is under a contingent obligation to make contribution.

Therefore, in the case we have supposed above, where the injured party has commenced an action against one negligent tortfeasor, we see no reason in the nature of things, or in the wording of the Rhode Island statute, which would prevent the defendant sued from filing in the Rhode Island courts, at once, or within two years after the original plaintiff received his injuries, a complaint against the other joint tortfeasor on the contingent right to contribution; and such complaint ought to be good against a motion to dismiss, even though the common liability has not yet been established, and even though the plaintiff is not yet entitled to a judgment for contribution against his joint tortfeasor.

We recognize that a state court would be likely not to reach the above result under the common form of the statute of limitations, applicable to actions for contribution, requiring that such actions must be commenced within a stated period after the cause of action for contribution "shall have accrued". The state court would probably hold that the accruing of a cause of action for contribution means that the plaintiff must have already paid more than his pro rata share of a common liability, so that he has already an accrued right to an immediate judgment for contribution. See Ains-

worth v. Berg, 1948, 253 Wis. 438, 34 N.W.2d 790, 35 N.W.2d 911.

As we have seen above, Rhode Island has a very special and unusual provision of limitation as applied to actions for contribution. Rhode Island does not say that such actions must be commenced within a stated period after the cause of action for contribution shall have accrued, but rather that the action must be commenced within the stated period "after the cause of action shall accrue to the injured person, and not after."

For the reasons above indicated, it seems to us that, under such a peculiar statute of limitations provision, it is necessary for us to adopt the foregoing statutory interpretation, in order to render the statute workable and sensible.

But if, as may be so, we are wrong in the interpretation which we have placed upon the state statute, still we think that that would not change the outcome of this diversity case. What we shall now have to say is based upon the assumption, harsh as it may seem, that the Rhode Island state courts would hold that the commencement of an action for contribution is the filing of such a complaint after the plaintiff has paid more than his pro rata share of a common liability; so that if more than two years have elapsed since the accident, then no complaint for contribution can ever be filed, if it should take more than two years after the accident to determine the liability of the original defendant.

It is sometimes urged that the ultimate outcome of litigation ought not to be dependent upon the fortuitous existence of diversity of citizenship permitting access to the federal court system; and consequently, in applying the doctrine of Erie R. R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, that the difference between what is "substance" and "procedure" should depend upon how likely the subject matter in question would be to affect the outcome of the litigation. This may be true in a doubtful matter of classification as between substance and procedure, if there is no applicable Federal Rule of Civil Procedure.

However, the argument proves too much; for instance, the lawyer for a plaintiff might advise his client that he has no hope to prove his case and thus to prevail unless he can take advantage of the Federal Rules of Civil Procedure relating to discovery. And whether the plaintiff could do this would depend upon whether the requisite diversity of citizenship existed whereby he could maintain an action in the federal courts.

If the Supreme Court has told us in a litigated case that a rule which that Court itself had promulgated as part of the Federal Rules of Civil Procedure is constitutionally inapplicable in a diversity of citizenship case, then of course we must abide by that decision. However, in the absence of such a controlling decision by the Supreme Court, since the differentiation between substance and procedure is not necessarily clear-cut and sharply defined, if in this ambiguous zone we find a Federal Rule of Civil Procedure which the Supreme Court had a rational basis for classifying as a rule of procedure, we propose to give effect to such a rule. Cf. Sampson v. Channell, 1 Cir., 1940, 110 F.2d 754, 756, 757, 128 A.L.R. 394. And since the Federal Rules of Civil Procedure purport to be applicable to all litigation in the federal courts, whether the basis of federal jurisdiction is diversity of citizenship or otherwise, we don't see how we could avoid the application of such rule in a diversity of citizenship case when it would undoubtedly be applicable in a non-diversity case.

It must be recognized that the third-party impleader practice provisions promulgated by the Supreme Court in Rule 14, F.R.C.P. may rationally be regarded as dealing with a procedural subject matter, and therefore Rule 14 falls within the authority delegated to the Supreme Court by the Act of June 19, 1934. 48 Stat. 1064. Hence the district judge in the case at bar was clearly authorized by a valid Rule of Civil Procedure to give leave, as he did, to the original defendant to file its third-party complaint against the alleged joint tortfeasor on February 13, 1957, which third-party complaint set forth only a contingent claim against the third-party defendant for contribution.

■ Since Rule 14 does not purport to deal with the statute of limitations, we believe that in a diversity case we are bound to apply the Rhode Island statute providing that actions for contribution "shall be commenced and sued within two (2) years next after the cause of action shall accrue to the injured person, and not after." But to avoid the result that the proper invocation of Rule 14 will lead to a complete procedural mess, we feel bound to hold that the filing of a third-party complaint against the alleged tortfeasor, at least when summons is served on the third-party defendant, fulfills the function of notice to the latter, and must be deemed to be the commencement against the latter of an action for contribution, whether or not the state courts would permit the filing of an independent complaint against a joint tortfeasor alleged to be contingently liable for contribution. Therefore, this invocation of Rule 14 in the present case had the effect of tolling the two-year period of limitation prescribed in the state statute.

If the foregoing were not so, the power of the district court to administer successfully the impleader rule would be precarious indeed. The third-party complaint was filed here only a few months before the expiration of two years after the cause of action accrued to the original injured person. If motions for continuance are made, as was done here, the district court would have to take into account the possibility that the granting of such continuances might permit the two-year period to run before the court had determined the liability of the original defendant, and before the latter, by satisfying more than his pro rata share of a common liability, would be finally entitled to the entry of a money judgment for contribution. If cases like Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, and Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520, contain language which

might seem to point to the opposite conclusion, we are prepared, if it were necessary, to hold that the language used must be confined to the special fact situations with which the Court was then undertaking to deal; and so regarded, we do not think that those cases are controlling here.

A judgment will be entered vacating the order of the District Court and remanding the case to that Court for further proceedings not inconsistent with this opinion.

HARTIGAN, Circuit Judge (dissenting).

I am constrained to disagree with the majority decision of the court because I believe it is based on two lines of reasoning which are essentially unsupported by precedent and contrary to the language of the Rhode Island statute in question.

The first theory is that allowing the defendant to implead his subcontractor in order to receive contribution even though no payment has been made by the defendant toward the discharge of their common liability does not reach a result contrary to that which would have been reached in the state court had diversity of citizenship not been present. It is doubtful to me that the Rhode Island courts would entertain an action for money damages to which a plaintiff in the shoes of the third party plaintiff in the instant case would be entitled to only when and if he had "by payment discharged the common liability or (had) paid more than his pro rata share thereof" and if as the record shows in the instant case no payment whatsoever has been made by the third party plaintiff. It is true that this statute casts a heavy burden upon the joint tortfeasor who is unlucky enough to have been chosen by the injured party as the object of his legal action, but this statute is a legislative determination, the wisdom of which it is not our function to question in the absence of any challenge to its constitutionality.

Assuming that the allowance of this third party procedure results in a difference in the ultimate outcome of the litigation in the federal court as contrasted with the Rhode Island court, the majority decides that because of the promulgation of Rule 14 of the Federal Rules of Civil Procedure, the allowance of the defendant's third party action is a matter of procedure. The decision of the Supreme Court in the Ragan case which also involved a rule of civil procedure is said to be limited to its own special fact situation. In my opinion, however, the principles enunciated therein are fully applicable to the instant case. The third party plaintiff's cause of action was created by local law and "the measure of it is to be found only in local law." Ragan v. Merchants Transfer Co., 1949, 337 U.S. 530, 533, 69 S.Ct. 1233, 1237, 93 L.Ed. 1520. I am forced to conclude that because the defendant had no cause of action against the third party defendant in the Rhode Island courts, he should not have one in the District Court of the United States for the District of Rhode Island in a diversity case merely because of the existence of a federal rule of procedure allowing the impleading of a third party who is or may be liable to the impleader. Certainly if it is assumed that in the Rhode Island courts the joint tortfeasor has no cause of action until he has paid more than his pro rata share of the common liability, the allowance of this impleader prior to such payment and the resultant prevention of the running of the statute of limitations enhances the substantive rights of the original defendant over what is given by state law.

The policy of avoiding the disregard of State law in diversity cases in the federal courts must be kept free from the "entanglements with analytical or terminological niceties" which I believe basically underlie the majority opinion. See Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 110, 65 S.Ct. 1464, 89 L.Ed. 2079.