Ling JONES, Appellant,

v.

Charles James SCHRAMM, Jr., Appellee.

No. 22102.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 21, 1969.

Decided March 5, 1970.

As Amended on Rehearing
May 7, 1970.

Mr. Patrick J. Attridge, Washington, D. C., with whom Mr. Cornelius H. Doherty, Washington, D. C., was on the brief, for appellant.

Mr. Frank J. Martell, Washington, D. C., for appellee.

Before WRIGHT, LEVENTHAL and ROBB, Circuit Judges.

LEVENTHAL, Circuit Judge:

An action in tort for damages for personal injuries was brought by the Brandons,[1] not parties to this appeal, against two defendants, appellant Jones (in whose auto Mrs. Brandon was riding) and appellee Schramm, whose vehicles collided on the 11th Street Bridge in Southeast Washington. Plaintiff claimed each was operated negligently. Defendant Jones, appellant, cross-claimed against defendant-appellee Schramm. On February 26, 1968, the jury returned a verdict for plaintiffs against Schramm for $15,000, a verdict for defendant Jones against plaintiffs, and a verdict for defendant Jones in his cross-claim against defendant Schramm in the sum of $1,100.

On March 11, 1968, the trial court entered judgment for Schramm, in his cross-claim against Jones for contribution, in the sum of $7,500, or one half the sum actually paid by Schramm to plaintiffs, whichever was less. We hold this entry of judgment on the cross-claim for contribution was error and reverse.

In many states it is confirmed by statute, but the District of Columbia is one of the jurisdictions which established a right of contribution even in the absence of statutory authority, at least so long as the person seeking contribution was not guilty of wilful misconduct.[2]

Contribution is an "equitable doctrine based on principle of justice," —which is not dependent on contract, joint action, or original relationship of the parties.[3] It imposes a duty, in the

---

1. Mrs. Brandon was injured. Mr. Brandon joined as plaintiff for denial of consortium, etc.

2. George's Radio Inc. v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219 (1942).

3. Vickers Petroleum Co. v. Biffle, 239 F.2d 602, 606 (10th Cir. 1956).

case of two (or more) tortfeasors who have a concurrent liability to the same victim, whereby the tortfeasor who for any reason makes payment on his liability to the victim may receive a pro rata contribution from the concurrent tortfeasor. Murray v. United States, 132 U.S.App.D.C. 91, 405 F.2d 1361 (1968).

The doctrine of contribution originated in the courts of equity,[4] and it was announced in this jurisdiction in a leading opinion by Judge Groner, to sustain a suit brought in equity by one tortfeasor against the other.[5] We may assume, therefore, as it has apparently been generally assumed, that when contribution is sought against a defendant who was not sued by plaintiff, as is permitted by our decisions,[6] the claim sounds in equity and the court acts as finder of the fact to determine whether the second tortfeasor from whom contribution is sought was negligent, and therefore liable to the victim.

This does not mean, however, that the court deciding the claim of contribution may act independently of the adjudications made in the original action by plaintiff. The equitable origin of the action may not be pushed to the point of defeating good administration of justice, especially since there is authority for the rule that contribution, once recognized, will be enforced at law

as well as in equity.[7] And so where the contribution defendant is brought into the original action as a third-party defendant, he is "in the thick of the fray, and entitled to participate to the fullest extent," and hence he "is bound by the adjudication of the third-party plaintiff's liability to the original plaintiff."[8]

The same considerations apply concerning the issue of the liability to the plaintiff of the contribution defendant. It is a prerequisite of contribution that the contribution defendant must have been originally liable to plaintiff.[9] Modern jurisprudence dictates that as many different aspects of a single controversy be resolved in a single court litigation, to the extent feasible. Where both alleged tortfeasors are joined as codefendants in an action brought by the victim, the liability to the victim of the second tortfeasor, from whom contribution is sought, is not properly assigned to the non-jury domain of the equity court as finder of fact. If the jury determines on the facts that the second alleged tortfeasor was not negligent, that codefendant has been authoritatively adjudged not a tortfeasor and is not liable in contribution.

This analysis, which relieves appellant Jones, is not rendered inapplicable because of the procedural stance of this case.[10] We see no basis for a con-

---

4. 18 Am.Jur.2d Contribution §§ 4, 5 (1965).

5. George's Radio, Inc. v. Capital Transit Co., *supra* note 2.

6. Knell v. Feltman, 85 U.S.App.D.C. 22, 174 F.2d 662 (1949).

7. 18 Am.Jur.2d Contribution § 5 (1965).

8. Knell v. Feltman, *supra* note 6.

9. Murray v. United States, 132 U.S.App. D.C. 91, 405 F.2d 1361 (1938) ; Yellow Cab Co. of D. C. v. Dreslin, 86 U.S.App. D.C. 327, 181 F.2d 626, 19 A.L.R.2d 1001 (1954).

10. After the jury verdict in favor of appellant Jones, the trial judge, a visiting judge from another district who was good enough to accept an intercircuit assignment to help ease the crowded and overage

docket in the District Court for the District of Columbia, inquired of counsel whether he was bound by the jury verdict in favor of Jones against the victim. Attorney for appellee said No. Attorney for plaintiff (the victim) chimed in to the same effect. Trial counsel for appellant said: "Yes, I guess I will have to say that."

The trial judge then asked whether the court's ruling on contribution has "any bearing whatever on the verdict of the jury as received." Counsel for plaintiff replied, No, and when his interest in the matter was questioned, by appellant's trial counsel, he asserted that he stood a better chance of being paid if there was contribution. Counsel for plaintiff and for defendant-appellee assured the trial judge that the two issues were separate, and that the court had the proper role of finding both facts and law on the issue

tention by plaintiff who has lost his case against a defendant that he has a legitimate interest in seeing to it that that defendant does make a payment, albeit it is made directly to the other defendant as a contribution. As to the defendant seeking contribution, he may proceed against a concurrent tortfeasor but he has no legitimate claim to proceed against someone who has been lawfully and authoritatively adjudged not to be a tortfeasor at all, at least where, as here, the defendant seeking contribution was a party to the proceeding wherein the plaintiffs' claims were determined and there is no contention that further evidence is available in the claim for contribution which could not be adduced in the litigation on plaintiffs' claims.

The situation is different from that applicable in a case that involves the liability of both the United States Government and another. The liability of the Government under the Tort Claims Act is to be determined by the court on the facts as well as the law, and the court in exercising this fact-finding function is not trammeled by the findings made by the jury in determining the liability fact as to the other persons charged with liability. Eastern Air Lines v. Union Trust Co., 95 U.S.App.D.C. 189, 221 F. 2d 62 (1955); Busey v. Washington, 225 F.Supp. 416 (D.D.C.1964). In the case before us, however, the jury did have jurisdiction to determine the facts on which the liability of the appellant depends, and that liability to plaintiff is the predicate for any liability in contribution.

■ Our discussion in the previous paragraph applies only as to a jury's verdict rendered in accordance with the law. Where a verdict is not supported by sufficient evidence, or is properly set aside as contrary to the overwhelming weight of the evidence, that jury verdict is not a valid determinant of the facts underlying liability either to plaintiff or in contribution. The case before us might take a different stance if there were even a suspicion that the court would have been prepared to set aside the jury's verdict in favor of appellant Jones, but that it did not do so because no such request had been made.

■ A verdict in favor of one defendant on the plaintiff's claim may be subject to challenge by the other defendant—even though plaintiff is satisfied with the outcome of a verdict against one solvent defendant—to the extent that the defendant held liable may request a ruling that the verdict exculpating the other defendant is subject to being set aside, and hence is not a binding determination so far as the contribution claim is concerned. This rule would be in the interest of justice, and the doctrine of contribution, and allied rules, rest on considerations of equity and justice not only in terms of historical derivation, but also in regard to the shaping and definition that is required for application of the doctrine to modern conditions for determination of controversies. See e. g. Brightheart v. McKay, 136 U.S.App.D.C. 400, 420 F.2d 242, April 9, 1969; Martello v. Hawley, 112 U.S.App.D.C. 129, 300 F.2d 721 (1962).

■■ The record before us makes it clear, however, that while the court reached a different conclusion from the jury's in regard to appellant's negligence, insofar as the matter was before him as a trier of fact, he considered there was support in the evidence for the verdict in favor of defendant-appellant Jones on plaintiff's claim.[11]

of contribution, "without prejudice to the verdict." The court then announced his finding on the evidence to be that both drivers were negligent, and therefore he required contribution 50–50.

11. In our view this exhausted the only possibility left in the court to render a judgment for contribution.

On petition for rehearing counsel for appellee stresses that in an early colloquy the court proposed, and counsel agreed, that Schramm's claim for contribution was to be decided by the court. But as the court itself stated: "The court will decide it, *depending upon what the jury does.*"

In closing we note that we have not relied on the circumstance that there was no appeal from the judgment on the $1,100 verdict in favor of appellant Jones, for damages against appellee and co-defendant Schramm.[12] If that had been a prior litigation, it would have provided the basis for an estoppel by judgment which would have precluded appellee from thereafter asserting an inconsistent claim for contribution against appellant. Brightheart v. McKay, *supra*. But here appellee's failure to appeal the modest judgment obtained by appellant was in the context of a proceeding wherein the court had already announced that it would make a ruling for contribution in favor of appellee, and therefore there is no proper scope for the doctrine of estoppel.

The judgment appealed from is reversed and the cause remanded with instructions to dismiss appellee's claim for contribution from appellant.

So ordered.

The claim for contribution was appropriately reserved for decision by the court, and was not a claim to be submitted to the jury, but the way in which the court decides a contribution claim is dependent on and affected by the verdict(s). Although the parties did agree that the court might decide the issue of contribution, this was not an agreement to abide by a decision contrary to law. With a verdict in favor of Jones against plaintiff the court had to deny contribution unless it was prepared to set aside this verdict. However, the court would have had a factual ruling to make if the jury had found both Jones and Schramm liable to plaintiff. It could have avoided the 50–50 contribution prescribed by the general rule on the ground that the facts convinced the court that the liability of Schramm to plaintiff partook of "willful" wrongdoing or "flagrantly wrongful" conduct, which negatives any right of Schramm to contribution. *See* George's Radio v. Capital Transit Co., *supra* note 2, 75 U.S.App.D.C. at 189, 126 F.2d at 231.

We are not to be taken as encouraging stretching the scope of intentional misconduct exception as some jurisdictions have done, to reach grossly negligent conduct. *See, e. g.*, Hardware Mutual Cas. Co. v. Danberry, 234 Minn. 391, 48 N.W.2d 567 (1951), discussed by Dean Keeton in Contribution and Indemnity Among Tortfeasors, 27 Ins. Co. J. (Oct. 1960) pp. 630, 631. Indeed the courts of the District have thus far consistently resisted any departure from its equal contribution rule based on theories of quality of negligence. *E. g.*, D.C. Transit System v. Slingland, 105 U.S.App.D.C. 264, 266 F.2d 465, cert. denied, 361 U.S.

819, 80 S.Ct. 62, 4 L.Ed.2d 64 (1959) (equal contribution from concurrent wrongdoers even though one had "last clear chance"); Knell v. Feltman, 85 U.S.App.D.C. 22, 174 F.2d 662 (1949) (equal contribution though one defendant participated personally, the other through an agent); Warner v. Capital Transit Co., 162 F.Supp. 253 (D.D.C. 1958) (equal contribution though one defendant had a duty of the highest degree of care, and the other merely of ordinary care). This kind of approach has the advantage of avoiding an increasing or prolongation of personal injury lawsuits for the purpose of refined determinations concerned with contribution among tortfeasors rather than awarding compensation to the injured. *See*, discussion of Justice, now U.S. Circuit Judge, Fairchild, in Jacobs v. General Accident Fire & Life Ass. Corp., 14 Wis.2d 1, 109 N.W.2d 462, 88 A.L.R. 2d 1347 (1961). Prolongation of litigation is likewise avoided by our ruling that there is no valid basis for the court to make a contribution award against a defendant exculpated by the jury, unless it would have been prepared to set aside that verdict as contrary to law.

12. On petition for rehearing appellee advises that it did file an appeal from Jones' damage judgment, and that on joint motion another panel of this court dismissed the appeal in an order containing the notation requested by the parties that the dismissal was to be without prejudice to the appeal left pending. This action "in the file" was not noted in the briefs. The text of the opinion makes clear that no ruling contrary to appellee is predicated on the lack of an appeal from Jones' judgment for damages.