**In re N–500L CASES.**

**Civ. No. 78–2126.**

United States District Court,
D. Puerto Rico.

April 9, 1981.

Philip Silverman, Speiser, Krause & Madole, Washington, D. C., Harvey B. Nachman, Santurce, P. R., Paul E. Calvesbert, Hato Rey, P. R., attys. of the plaintiffs' committee.

Domingo A. Alvarez, Rio Piedras, P. R., Richard H. Silver, Miami, Fla., Gabriel I. Penagaricano, Santurce, P. R., Jorge Ortiz Brunet, Ortiz, Toro, Ortiz, Bruner & Navelraha, Hato Rey, P. R., James A. Toro, Old San Juan, P. R., Angel L. Tapia Flores, Rio Piedras, P. R., Rafael Ojeda Colón, San Juan, P. R., Gustavo Gelpi, Old San Juan, P. R., Jorge M. Suro, Santurce, P. R., Robert E. Schneider, Jr., Santurce, P. R., and Jiminez & Fuste, Hato Rey, P. R., for plaintiffs.

Francisco Ponsa Flores, San Juan, P. R., Alex Gonzalez, Dubon, Gonzales & Vasquez, San Juan, P. R., Calvin F. David, Walton, Lantaff, Schroeder & Carson, Miami, Fla., Francisco, Agrait, Oliveras, Agrait & Oliveras, Hato Rey, P. R., Jose A. Masini Soler, Soler Favale & Masini Soler, Hato Rey, P. R., Phillip J. Kolczynski, U. S. Dept. of Justice, Washington, D. C., Vilma J. Vilá Seilés, Asst. U. S. Atty., Hato Rey, P. R., Steve Segal, Rio Piedras, P. R., Alberto J. Pérez Hernández Dubón, González & Vasquez, San Juan, P. R., Robert J. Griswold, San Juan, P. R., for defendants.

## DECISION AND ORDER

TORRUELLA, District Judge.

The above captioned action before the Court resulted from the crash of a Twin Beech aircraft, Registration Number N–500L (hereinafter "N–500L") when it encountered wake turbulence generated by an Eastern Airlines L 1011 aircraft. The N–500L was flying under charter for Third Party Defendant, Old South Air Service, d/b/a Air Caribbean Corporation.

At the conclusion of settlement negotiations with Plaintiffs, Codefendants Eastern Airlines and the United States agreed to accept 100% liability, reserving their rights to seek contribution from N–500L and the other Third Party Defendants: Air Caribbean, Air Caribbean's Underwriters at London,[1] and Corporación Insular de Seguros (hereinafter "Corp. Insular"), the insurer of N–500L.

This brings us to the Motions at hand. Both Codefendants Eastern and the United States have petitioned this Court to conduct a non-jury trial on the issue of contribution.[2] Cornhill and Corporación Insular have opposed these petitions and seek trial by jury.

Our starting point in an examination of this question is the Seventh Amendment of the United States Constitution which provides that:

> "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ."

The Supreme Court has held that this question depends on the nature of the issue to be tried rather than the character of the overall action. *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1969). For that reason, Rule 38(b), FRCP, refers to "any issue triable of right by a jury", triable of right referring to "suits at common law", and Rule 39(b), FRCP, provides that "the court in its discretion upon motion, may order a trial by jury on all issues, notwithstanding the failure of a party to demand a jury in an action *in which such a demand might have been made of right.*" (Emphasis ours).

At common law, the right of contribution was not recognized, and Federal Courts in common law jurisdictions have uniformly held such actions to be within the realm of equity, to be tried before a judge without a jury. *Jones v. Schramm*, 436 F.2d 899 (U.S. App.D.C.1970); see also *Newport Air Park, Inc. v. U. S.*, 419 F.2d 342 (C.A. 1, 1969).

---

1. The main one being Cornhill Ins. Co., hereinafter "Cornhill."

2. Plaintiffs in this action had requested a jury trial. Francisco Cruz, the owner of N–500L and the estate of Jerry Cannon, the deceased pilot of the aircraft, also requested jury trial; however, these parties have now agreed that the settlement will not affect the rights of Eastern and the United States against Cornhill. Codefendants Eastern and the United States have also agreed that they will defend Cruz against a possible subrogation action by Corporación Insular.

In *Dawson v. Contractors Transport Corp.*, 467 F.2d 727 (C.A.D.C., 1972), that Court citing *Jones v. Schramm*, supra, held:

"Contribution is an 'equitable doctrine based on principle of justice,'—which is not dependent on contract, joint action, or original relationship of the parties... The doctrine of contribution originated in the courts of equity... We may assume, therefore, as it has apparently been generally assumed, that when contribution is sought against a defendant who was not sued by plaintiff, as is permitted by our decisions, the *claim sounds in equity and the court acts as finder of the fact* to determine whether the second tortfeasor from whom contribution is sought was negligent, and therefore liable to the victim." (Emphasis supplied).[3]

█ While the *Dawson* court held that the fact that a claim is an equitable one does not always deprive claimant of a right to a jury trial on factual issues relevant to the claim, absent a claim which is equitable in name only but legal in essence, *Ross v. Bernhard*, supra, and absent factual issues which are common to both legal and equitable claims. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Dairy Queen, Inc. v. Woods*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), claimant's desires are not controlling in the case of purely equitable claims.[4]

Such is the case here up to this point in our analysis. No legal claims underlie Cornhill's cross-claim since Eastern and the United States have accepted liability. While the fact of negligence may be relevant to the action for contribution, it does not convert the action into an essentially legal one. *Dawson v. Contractors Transport Corp.*, supra, at 732.

█ The second factor to be considered is that trial by jury is a matter of federal law in diversity as well as in other actions. *Simler v. Connor*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963); *Christopherson v. Humphrey*, 366 F.2d 323 (C.A. 10, 1966).

Thus in Louisiana, which like Puerto Rico is a civil law jurisdiction, it has been consistently held that the Seventh Amendment requires trial by jury in the Louisiana equivalents of common law action, when the actions are brought in the District Courts of Louisiana by reason of diversity jurisdiction. *Wright v. Paramount-Richards Theatres*, 198 F.2d 303 (C.A. 5, 1952); *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 7 L.Ed. 732 (1830) (where the Court rejected the contention that the Seventh Amendment was inapplicable because the claim arose not under common law but rather under the civil law statutes of Louisiana). See also *Rogers v. Loether*, 467 F.2d 1110, 1113, n. 13 (C.A. 7, 1972), aff'd sub nom. *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).

█ In the *Wright* case, a district judge reexamined a jury verdict in a civil action. Federal Courts, under the Seventh Amendment, are forbidden to re-examine any fact tried by jury otherwise than according to the rules of common law. In Louisiana, state appellate courts can review both the law and the facts in all civil cases, which are tried without jury in the Louisiana state courts (as they are in Puerto Rico). The District Court, relying on *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), applied the law of Louisiana. The Court of Appeals reversed, holding that "the principle just adverted to (above) must give way to the overriding consideration that the federal court is bound by the Seventh Amendment to the Constitution of the United States." If we

---

**3.** A brief historical analysis of the origin of contribution is set out at page 732, n. 7 of *Dawson*, supra.

**4.** Because we find that issues of law and equity are not intertwined here, we need not consider the three-pronged test suggested by the *Ross v. Bernhard* dictum (at 538, fn. 10), for a suit to merit a trial by jury. *Pons v. Lorillard*, 549

F.2d 950 (C.A.4, 1977), aff'd 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). But compare, *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 478 F.Supp. 889, 926 (E.D.Pa., 1979), where the Court concluded that the Supreme Court never intended the *Ross* dictum to be a "test" for Seventh Amendment questions.

do not need to look to state law for purposes of determining whether a jury trial is necessary then the question of whether or not there is a right to contribution in Puerto Rico is irrelevant.

Herein lies the problem, however, for we are back to our starting point: The Seventh Amendment. In Puerto Rico, the "common law" referred to in the Seventh Amendment is the civil law as contained in the Civil Code of Puerto Rico. We thus must look to Puerto Rican civil law to determine the nature of the right to contribution in this civil law jurisdiction.

The Supreme Court of Puerto Rico has concluded that "the right to contribution is a substantive right" and that Article 1098, Section 3109 of the Civil Code,[5] "when construed together with the principle that the judgment rendered against two or more joint tortfeasors is a joint judgment, clearly shows that the substantive right of contribution exists in Puerto Rico" under a provision of substantive law, i. e. the Civil Code. *García v. Government of the Capital*, 72 P.R.R. 133, 140. This provision, held the Court, applies both to cases *ex-contractu* and *ex delicto*. This leads us directly to the conclusion that the right of contribution in Puerto Rico is an issue triable of right by a jury in Federal Court.

This does not dispose of the issue in this case, in that only Plaintiffs in the original suits made a claim for trial by jury, and those claims, as indicated, were disposed of through settlement.

We are thus required to consider Cornhill's contention that "if a timely and proper demand for a jury is made by one party, all of the parties to the action who are interested in the issues for which a jury trial has been demanded may rely on that demand and need not make an additional demand of their own."

This reliance on another party's demand for jury trial is supported by cases where a defendant has relied on the jury trial demand of a codefendant or of a plaintiff to the extent of the issues embraced by the complaint. *Calnetics Corp. v. Volkswagen of America, Inc.*, 532 F.2d 674 (C.A. 9, 1976), cert. den. 429 U.S. 940, 97 S.Ct. 355, 50 L.Ed.2d 309 (1976); *Collins v. Government of Virgin Islands*, 366 F.2d 279 (C.A. 3, 1966), cert. den. 386 U.S. 958, 87 S.Ct. 1026, 18 L.Ed.2d 105 (1967). The reliance loses its support, however, when a demand by Plaintiff only runs to issues between Plaintiff and Defendant. The Third Party Defendant, as a consequence, must file an additional demand if a jury trial of issues raised by the Third Party complaint is desired. 9 Wright & Miller, Federal Practice & Procedure, § 2318 at 86. Here, the only demand for jury trial was that made in the original complaint and the only issue left for adjudication is that of contribution between Third Party plaintiff and Third Party Defendant. *McAndrews v. U. S. Lines Company*, 167 F.Supp. 41 (D.C. N.Y., 1958). Since neither Eastern nor Cornhill asked for a jury trial,[6] we must conclude that this privilege was waived.

Finally, having waived its privilege, Cornhill appeals to the Court's discretion to grant a jury trial, pursuant to Rule 39(b), F.R.C.P. alleging that there are special circumstances excusing the oversight or default. These special circumstances according to Cornhill consist of its reliance on Plaintiffs' request for a jury trial.

In exercising its discretion, the Court has considered the nature of the issues to be tried in the case, the expenses to be incurred by the parties, the time elapsed, the possibility of prejudice resulting from a trial without jury vis-a-vis trial by jury, and

---

5. Article 1098, Section 3109 provides that:

"The payment made by any of the joint debtors extinguishes the obligation.

The person who made the payment can only claim from his co-debtors the shares pertaining to each one with interest on the amounts advanced.

The nonfulfillment of the obligation by reason of the insolvency of a joint debtor shall be made good by his codebtors in proportion to the debt of each of them."

6. "Any action against the United States under 28 U.S.C. § 1346 shall be tried by the Court without a jury..." 28 U.S.C. § 2402.

the congestion of the docket, *Marrero v. Continental Casualty Company*, 48 F.R.D. 394 (D.P.R.1969), and has reached the conclusion that these factors do not weigh in favor of relieving Cornhill of its waiver.

In view of the foregoing, the Motions of Codefendants Eastern and the United States for a non-jury trial on the issue of contribution are hereby GRANTED.

IT IS SO ORDERED.