Weygandt, C. J.
 

 The defendant’s assignments of error are numerous. However, a study of the record and the opinion of the Court of Appeals discloses a complete answer to each complaint.
 

 The only question requiring comment -by this court is that relating to Section 6310-27, General Code, which reads as follows:
 

 “No vehicle shall stop on any road-or highway, except with front and rear right wheels within one foot of the right hand side of the improved portion of the road, nor in any such way as to obstruct a free passage of the road; provided that nothing in this section shall be held to apply whenever a driver of a vehicle is compelled or permitted to stop by reason of other lawful regulations, or emergency.”
 

 Basing its request upon this section, the defendant asked the trial court to give the following special charge before argument:
 

 “Members of the jury: I charge you that the General Code of Ohio, Section 6310-27, is as follows: ‘No vehicle shall stop on any road or highway, except with front and rear right wheels within one foot of the right hand side of the improved portion of the road, nor in any such way as to obstruct a free passage of the road; provided that nothing in this section shall be held to apply whenever a driver of a vehicle is compelled or permitted to stop by reason of other lawful regulations, or emergency,’ and if you find that the driver of the defendant’s tractor and trailer stopped the vehicle on the pavement with its right wheels within one foot of the right and south edge of the pavement, then
 
 *167
 
 I charge you that such stopping and parking is lawful, and defendant is therefore not chargeable with any negligence by reason of such parking.”
 

 The request was refused. The Court of Appeals approved this action but found that its decision was in conflict with that of the Court of Appeals of Summit county and therefore certified the case to this court for review.
 

 An analysis of the statute discloses three parts. The first provides that “no vehicle shall stop on any road or highway, except with front and rear right wheels within one foot of the right hand side of the improved portion of the road. ’ ’ Secondly, the statute prohibits a vehicle from stopping on any road or highway “in any such way as to obstruct a free passage of the road.” Third is the proviso “that nothing in this section shall be held to apply whenever a driver of a vehicle is compelled or permitted to stop by reason of other lawful regulations, or emergency.” Thus it immediately becomes apparent that the trial court would have committed substantial error had it complied with the defendant’s request by saying to the jury “and if you find that the driver of the defendant’s tractor and trailer stopped the vehicle on the pavement with its right wheels within one foot of the right and south edge of the pavement, then I charge you that such stopping and parking is lawful, and defendant is therefore not chargeable with any negligence by reason of such parking.” This recognizes the first part of the statute but ignores the second and third which are patently
 
 in pari materia.
 
 In unmistakable language the second provision prohibits stopping in any such way as to obstruct a free passage of the road, and the only exceptions are in case of an emergency or whenever a driver of a vehicle is compelled or permitted to stop by reason of other lawful regulations. On the highway here involved traffic was proceeding in both directions. Unless an emergency existed there for
 
 *168
 
 nine hours or unless the driver was compelled or permitted to stop by reason of other lawful regulations, this statute was violated.
 

 The defendant complains also because the trial court charged the jury that a violation of the provisions of this statute constitutes negligence
 
 per se.
 
 In view of the fact that the requirements of the statute are specific and were enacted for the protection of the public, the trial court was correct. This principle of law has been enunciated repeatedly by this court.
 
 Schell
 
 v.
 
 DuBois, Admr.,
 
 94 Ohio St., 93, 113 N. E., 664, L. R. A. 1917A, 710;
 
 Skinner
 
 v.
 
 Penna. Rd. Co.,
 
 127 Ohio St., 69, 186 F. E., 722;
 
 Gumley, Admr.,
 
 v.
 
 Cowman,
 
 129 Ohio St., 36, 193 F. E., 627;
 
 Kormos
 
 v.
 
 Cleveland Retail Credit Men’s Co.,
 
 131 Ohio St., 471, 3 N. E. (2d), 427.
 

 Since the record discloses no substantial error, the judgments of the lower courts must be affirmed.
 

 Judgment affirmed.
 

 Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.