Louis R. VIOLETTE, Appellant,

v.

Eileen CAMPBELL, Appellee.

No. 1996.

Municipal Court of Appeals for the District of Columbia.

Submitted June 10, 1957.

Decided July 25, 1957.

J. Lawrence Hall, Washington, D. C., for appellant.

Anthony J. Noone, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

As appellee was entering appellant's taxicab, a car operated by a third person not a party to this action collided with it. Appellee was injured, and brought this action alleging negligence on the part of appellant. The answer denied negligence and claimed that the injuries sustained were caused solely and proximately by the negligence of the third party. At the close of appellee's case, appellant moved for a directed verdict on the ground that no negligence had been shown. This motion was denied. Appellant then introduced his evidence but did not renew his motion at the conclusion of all the evidence. The case was submitted to the jury which returned a verdict for appellee. Thereafter, appellant moved for judgment n. o. v., or in the alternative for a new trial. Both motions were denied and this appeal followed.

The testimony indicated that on December 25, 1954, at about three o'clock in the morning, appellee and her sister were looking for a cab when they saw appellant's vehicle proceeding toward them on the same side of the street. They signaled, whereupon appellant drove up and stopped at an angle behind a car parked along the curb. No other cars were parked in the block. The front right wheel of appellant's vehicle was, according to his testimony, about two or three feet from the curb, and his right rear wheel somewhat farther out. Appellee and her sister stated that it was four steps from the curb to the rear door of the cab. It was dark and the street lights were illuminated. The taxicab's headlights were on. Appellee could not recall whether the cruising light was on, but appellant testified that it was. After appellant had been stopped about ten seconds and while appellee was endeavoring to get in, the second car struck the taxicab, driving it into the parked car. Appellee was "spun around" and fell into the street.

In his instructions, the trial judge defined negligence and proximate cause, and told the jury that if they found that appellant was negligent and such negligence was the proximate cause of appellee's injuries, then appellee could recover. He gave in substance the provisions of a section of the Traffic Regulations of the District of Columbia, which prohibits standing or parking more than twelve inches from the curb, with certain exceptions.[1] He instructed the jury that a violation of this regulation constituted negligence if none of the mitigating circumstances described in the regulation were present; and if they found that appellant did violate the regulation and that such violation was the proximate cause of appellee's injuries, then she was entitled to recover. Counsel for appellant objected

---

1. "Sec. 76. *Standing or Parking Close to the Curb.* No person shall stand or park a vehicle in a roadway other than parallel with the edge of the roadway headed in the direction of lawful traffic movement, and with the right-hand wheels of the vehicle within twelve inches of the curb or edge of the roadway, except that on a one-way street the left-hand wheels may be adjacent to and within twelve inches of the left-hand curb, and except as hereinafter provided. If no curb space is available within a reasonable distance, a passenger vehicle may stand parallel and as near as practicable to other parked vehicles, only long enough to take on passengers who are actually waiting at the curb or to leave off passengers; and, unless prohibited by Section 84, a vehicle may stop parallel and as near as practicable to parked vehicles, while loading; provided, that such vehicle while so parked will not unreasonably impede or interfere with orderly two-way traffic, or on a one-way street, that at least one lane be kept open for moving traffic."

**332**

to the latter instruction on the ground that there was no evidence in the case on which the jury could base a finding that a violation of the regulation was the proximate cause of the accident.

■ Appellant first contends that "The trial court erred in submitting the case to the jury since the evidence was insufficient to form a basis for a verdict for appellee."[2] He argues that the only negligence shown was in the violation of the traffic regulation, and the regulation is inapplicable to the present situation because it is not intended to promote safety but rather the orderly flow of traffic. Appellant's failure to move for a directed verdict before the jury retired, however, precludes his questioning on appeal the sufficiency of the evidence.[3] Nevertheless, we have examined carefully the stenographic transcript and conclude that there was sufficient evidence to present jury questions on the issue of appellant's negligence. As for the challenge to the applicability of the traffic regulation, we hold in accordance with the general rule[4] that a regulation of this sort is designed for the safety of the public, and that a violation of it, together with all the other relevant evidence in the case, could form the basis for a finding of negligence.[5]

■ Next, appellant complains that the evidence in the case could not permit a finding that his negligence was the proximate cause of the accident. We think, however, that it was reasonably foreseeable that appellant's stopping where he did might result in a collision.[6] Ordinarily, the question of proximate cause is factual, and taking all the relevant cir-

cumstances into consideration, such as the darkness and the position of appellant's vehicle, we cannot say that this case is the exception. The issue, like the issue of negligence, was properly submitted to the jury.

The remaining assignment of error is without merit.

Affirmed.

---

2. Appellant's brief, p. 3.

3. Krupsaw v. W. T. Cowan, Inc., D.C.Mun. App., 1948, 61 A.2d 624; Jones Truck Lines v. Argo, 8 Cir., 1956, 237 F.2d 649.

4. See the annotation at 17 A.L.R.2d 582.

5. See Hecht Co. v. McLaughlin, 1954, 93

U.S.App.D.C. 382, 214 F.2d 212; see also the annotation referred to in note 4.

6. Northern Indiana Transit v. Burk, 1950, 228 Ind. 162, 89 N.E.2d 905, 17 A.L.R.2d 572.