**D. C. TRANSIT SYSTEM, INC., Appellant,**

v.

**Margaret H. SLINGLAND et al., Appellees.**

**UNITED STATES of America, Appellant,**

v.

**D. C. TRANSIT SYSTEM, INC., Appellee.**

**Nos. 14649, 14706.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 10, 1959.

Decided April 17, 1959.

---

* Sitting by designation pursuant to Sec. 294(a), Title 28 U.S.Code.

466

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. John J. Ross, Washington, D. C., was on the brief, for appellant in No. 14649 and appellee in No. 14706. Mr. John P. Arness, Washington, D. C., also entered an appearance for appellant in No. 14649.

Mr. Lionel Kestenbaum, Atty., Dept. of Justice, with whom Asst. Atty. Gen. George C. Doub, Messrs. Oliver Gasch, U. S. Atty., and Morton Hollander, Atty., Dept. of Justice, were on the brief, for appellant in No. 14706.

Mr. Joseph S. McCarthy, Washington, D. C., with whom Messrs. Wilbert McInerney and Edward C. Donahue, Washington, D. C., were on the brief, for appellee in No. 14649.

Before PRETTYMAN, Chief Judge, and FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

Slingland, plaintiff in the District Court, sued the D. C. Transit System, Inc.,[1] and the United States, for damages due to personal injuries sustained when a Transit bus in which she was a passenger was struck by a mail truck operated by an employee of the Post Office Department.

The case against Transit was tried to a jury at the same time the presiding judge tried the case against the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680. The jury awarded plaintiff a verdict against Transit for $25,000, reduced by remittitur to $15,000. The judge found against the United States, and for the same injuries assessed $10,000 as the damages.

In post trial motions Transit sought exoneration from the United States, or in any event contribution of one-half of any sum awarded plaintiff against Transit. The court denied the motion for exoneration but held that the defendant which paid the judgment against it would be entitled to contribution from the other of any amount exceeding one-half the judgment paid.

In No. 14649 Transit appeals from the $15,000 judgment and also from the court's refusal to require the United States to indemnify or exonerate it entirely. In No. 14706 the United States

---

1. Referred to herein as Transit, appellant and cross-appellee in No. 14649, and also appellee in the appeal of the United States in No. 14706.

appeals from the order of the court regarding contribution.

■ Transit's bus was traveling west on a Washington street. The driver, wishing to make a regular stop, could not bring the bus parallel to the curb because a Coca-Cola truck was parked in a portion of the parking space reserved for the bus. The driver accordingly nosed in toward the curb, leaving the bus angled out toward the center of the street. In this maneuver the bus scraped the Coca-Cola truck. The bus driver got off, leaving the bus in its angled position, and attempted to locate the driver of the Coca-Cola truck in nearby stores. He was gone for some minutes. During this time the mail truck came up behind the bus, stopped, and then started around it to continue westward. However, it failed to clear the bus entirely, striking its left rear corner and causing the plaintiff in the bus to be thrown and injured.

■ We think the evidence was sufficient to support recovery against both Transit and the United States. The United States was clearly negligent in a manner proximately to cause the injuries; but so also could the jury find as to Transit. The court charged the jury that the question was whether the acts of the drivers of the bus and mail truck united to produce the result and constituted mutually contributing acts on the part of both, or, as the court also put the matter, whether the act of the mail truck driver interrupted the sequence of events set in action by the bus driver, or concurred therewith so as to constitute in time and effect essentially one transaction. This was a correct statement of the problem created by the evidence.

■ Transit urges error in the admission in evidence of traffic regulation 76.[2] In substance it prohibits the parking or standing of a vehicle otherwise than parallel with the edge of the road-

way and headed in the direction of the lawful movement of traffic, except that a passenger vehicle may stop parallel to parked vehicles long enough actually to take on or let off passengers if no curb space is available within a reasonable distance, and provided the vehicle while so double-parked will not unreasonably impede or interfere with orderly two-way traffic. Transit says that since regulation 76 permitted double parking the angling of the bus even if technically a violation of the regulation was reasonable in the circumstances and, in any event, was an immaterial violation. Transit works into this argument an attempted justification of its driver's conduct by reason of traffic regulation 17, to the effect that where there has been substantial damage to property, here the scraping of the Coca-Cola truck, the operator is required to stop, give assistance, and inform the owner or operator of the other vehicle of the name and address of the owner and operator of the vehicle causing the injury.

Regulation 76 is designed for the safety of the public [3] and is not merely "intended and phrased to promote the rapid and uninterrupted flow of traffic" as Transit suggests. This being so, and the evidence affording a basis for the jury to conclude that the regulation was violated, its reception in evidence was not error; nor can we say the court was required to rule that its violation, if found by the jury, was immaterial. Moreover, the obligation of Transit's driver to comply with regulation 17 did not require him to leave the bus in its diagonal position while he searched for the operator of the Coca-Cola truck.

■ On the doctrine of *res ipsa loquitur* the court charged that the happening of the accident gave rise to an inference that Transit was negligent, and that if no evidence tended to overcome this inference, or if the inference

2. Transit's point about the regulation questions only its admissibility and not the instruction to the jury.

3. Violette v. Campbell, D.C.Mun.App.1957, 134 A.2d 330; and see Pugh v. Akron-

Chicago Transp. Co., 1940, 137 Ohio St. 164, 28 N.E.2d 501; Murphy v. St. Claire Brewing Co., 1940, 41 Cal.App.2d 535, 107 P.2d 273.

preponderated over contrary evidence, the inference warranted, but did not require, a finding of negligence. So far so good. But the court cautioned the jury to bear in mind that, "it is incumbent upon the defendant to rebut the inference by showing that it did through its bus driver in fact exercise the degree of care owing by the defendant company to the plaintiff * * *." This was error, and was the subject of a seasonable objection by Transit. The rule in this jurisdiction is that where *res ipsa loquitur* applies, as here against Transit, the jury "are at liberty to decide for themselves whether the preponderance is with the plaintiff even where there is no evidence to countervail the inference." Underwood v. Capital Transit Co., 87 U.S.App.D.C. 68, 70, 183 F.2d 822, 824, certiorari denied 340 U.S. 931, 71 S.Ct. 493, 95 L.Ed. 672, relying upon Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815, which arose in this jurisdiction. In other words, even in the absence of countervailing evidence the jury is not required to find negligence. The error in the contrary implication of the charge is not rendered harmless, as plaintiff contends, by the fact Transit sought by evidence to rebut the inference of negligence. For all we know the jury might have disregarded this evidence and yet have felt obliged, because of the charge, to rely upon Transit's failure to rebut the inference of negligence. This they were not required to do.

■ Transit also urges error in denial of its request for a new jury panel, based on the presence of sixteen government employees among the twenty-four prospective jurors. In United States v. Wood, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78, however, the Supreme Court upheld and applied the Act of August 22, 1935, now § 11–1420 D.C.Code (1951), under which employees of the United States are eligible for jury service in the District of Columbia, saying in part:

"We think that the imputation of bias simply by virtue of governmental employment, without regard to any actual partiality growing out of the nature and circumstances of particular cases, rests on an assumption without any rational foundation."

299 U.S. at page 149, 57 S.Ct. at page 187. This decision must be applied to civil as well as to criminal cases.

Transit seeks complete exoneration from the United States on the theory the driver of the mail truck had the last clear chance to avoid the accident. If Transit were entitled to exoneration we would have the anomalous situation of Transit in effect recovering $15,000 from the United States though the liability of the United States to plaintiff is only for $10,000. This aside, however, we think the case is not one for exoneration, but, as the trial court held, for contribution between the two joint tortfeasors.

■ The principle of contribution is fairly well settled in this jurisdiction, notwithstanding the absence of a statute. George's Radio v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219; Knell v. Feltman, 85 U.S.App.D.C. 22, 174 F.2d 662. See, also, McKenna v. Austin, 77 U.S.App.D.C. 228, 134 F.2d 659, 148 A.L.R. 1253. As pointed out in George's Radio, where the parties are not intentional and willful wrongdoers, but are such only by legal inference or intendment the whole loss should not be imposed unconditionally upon one of them alone. The case might be different where there is "a primary or basic liability in one person, though a second is also liable with the first to a third." 75 U.S.App.D.C. at page 190, 126 F.2d at page 222.

"The difference between indemnity and contribution—in cases between persons liable for a wrong—is that in the former the law implies an agreement or obligation and enforces a duty on the primary or principal wrongdoer to respond for all the damages, whereas in the latter, there is no agreement, express or implied, but a common burden in which the parties stand in equali

juri and which in equity and good conscience should be equally borne." 75 U.S.App.D.C. at page 190, 126 F.2d at page 222.

■ Notwithstanding some support for Transit's position, see, for example, United States v. Savage Truck Line, Inc., 4 Cir., 1953, 209 F.2d 442, 44 A.L.R.2d 984, certiorari denied 347 U.S. 952, 74 S.Ct. 677, 98 L.Ed. 1098 and without endeavoring in this controversial field of tort law to go beyond this case, we think the concurrently negligent participation of both defendants, even though the United States might have had the last clear chance, calls "in equity and good conscience" for no more than contribution between them. This is so notwithstanding Transit owed a duty to its passenger to exercise a higher degree of care than was owed to her by the United States. See Warner v. Capital Transit Co., D.C.D.C., 1958, 162 F.Supp. 253. Neither of these defendants could be said to be "the primary or principal wrongdoer" responsible for the whole loss.

As to the amount of contribution, the situation is somewhat unusual because the judgment against Transit is for $15,000, while for the same injuries there is a judgment against the United States for only $10,000. The trial court ruled that if Transit were called upon to pay the $15,000 judgment the United States should contribute $7,500, but that if, instead, the plaintiff required the United States to pay the $10,000 judgment Transit should contribute $5,000. We think this needs some modification. The United States in consenting to be sued has by statute limited its liability to an amount fixed by a judge rather than by a jury. Yet, under the ruling of the court the United States as one of the two joint

tortfeasors might be compelled to pay substantially more than one-half its liability due to the fact that the jury awarded for the same injuries a greater amount than was awarded by the judge.[4]

The United States urges that it should be required to contribute only fifty per cent of the common liability. Since the liability common to both is $10,000 this would mean a payment of $5,000. This we think would be the fair and equitable solution in the event resort were had by plaintiff only to the $10,000 judgment against the United States. If, however, as is much more likely, plaintiff should obtain payment from Transit of the larger judgment of $15,000, an alternative solution referred to by the United States would require each to pay that percentage of the judgment against it which the larger of the two judgments bears to the sum of both judgments; that is, sixty per cent.[5] Under this plan the United States would contribute $6,000 to a $15,000 payment by Transit, the latter thus paying in the end $9,000. Confining ourselves in this unsettled field of tort law to the needs of this particular case, brought under the Tort Claims Act against the United States, with no statutory rule to guide, we adopt this sixty per cent formula as a fair and equitable solution. It gives weight to the fact that the United States in consenting to be sued has set an outside limit of liability at an amount assessed by a judge. At the same time it gives some weight to the amount of damages assessed by a jury, thus requiring the United States to contribute to the larger judgment paid by the other tortfeasor sixty rather than fifty per cent of the smaller amount assessed by the judge. See 68 Harv.L.Rev. 697, 705–06 (1955).[6]

4. Moreover, such a 50% contribution plan could result, in a different factual situation, in the United States contributing even more than its total liability. This would be so were a judge, for example, to assess the damages against the United States at less than $7,500 while a jury for the same injuries assessed damages against Transit at $15,000.

5. The sum of the judgments is $25,000, of which amount the $15,000 larger judgment is 60%.

6. We are indebted to the parties for their able and full briefing of the problem. They cite many cases and authorities which we have considered though not referred to in our text.

The result is that the judgment against the United States is affirmed and that against Transit is reversed because of the erroneous instruction to the jury on *res ipsa loquitur*. The case against Transit accordingly is remanded. The order of the District Court prescribing contribution is set aside. Should the question of contribution arise on the remand, it should be determined consistently with this opinion.

It is so ordered.