Janice WIENER, as Executrix of the Estate of Norton Wiener, Deceased, Plaintiff,

v.

UNITED AIR LINES, a corporation, and United States of America, Defendants.

No. 469–58 consolidated with 923–58, 970–58, 1040–58, 1041–58, 1042–58, 1086–58, 1112–58, 1158–58, 1195–58, 30–59, 64–59, 76–59, 88–59, 275–59, 288–59, 309–59, 310–59, 355–59, 361–59, 641–59, 281–60.

United States District Court
S. D. California,
Central Division.

Aug. 14, 1962.

---

See also 192 F.Supp. 789 and 286 F.2d 302.

Margolis, McTernan & Branton, by Ben Margolis, Los Angeles, Cal., for Janice Wiener, etc.

Joseph C. Lavelle, Sacramento, Cal., for Stephen Emanuel.

Algerdas N. Cheleden, Anthony J. Bradisse, James A. Withers, Los Angeles, Cal., for Isabelle M. Larava, etc.

Belcher, Henzie & Fargo, by Frank B. Belcher, Leo Biegenzahn, Los Angeles, Cal., for Ruth E. Simmons, Ethyl E. Kean, Adm'x, etc., Hazel N. McKinney, Adm'x, Daisy R. Fedrick, Margaret K. Rankin, Adm'x, Alice L. Hight, Adm'x.

Jack Dunaway, Los Angeles, Cal., for Leona Mae Petrie, etc.

Oliver, Good & Sloan, by Richard L. Oliver, Los Angeles, Cal., for Max Kaufman, Adm'r, Raymond S. Lipson, Adm'r, Arlo W. Munch, Adm'r.

Johnson & Ladenberger, by Robert G. Johnson, Los Angeles, Cal., for Martha H. Kallenbaugh, Executrix, etc.

Samuel A. Miller, Los Angeles, Cal., for Carol U. Aaronson and others.

Gladys Towles Root, Los Angeles, Cal., for Dorothy M. Weil.

Bertrand Rhine, George H. Pratt, Los Angeles, Cal., for Inez O'Brien Kay and others.

Tuttle, Tuttle & Taylor, by William A. Norris, Los Angeles, Cal., Francis J. Garvey, Covina, Cal., for Helen A. Friedel and others.

Harold R. Spence, Augustus F. Mack, Jr., Los Angeles, Cal., for S. Rush Bailey III and others.

Collins & Clements, Los Angeles, Cal., Barrick, Poole & Olson, by John Poole, Pasadena, Cal., for Charles L. Rachford, etc.

Pastor & Zippser, by Stanley Zippser, Beverly Hills, Cal., for Edith Wagner Trujillo.

Flanagan & Allen, by R. Virgil Allen, Los Angeles, Cal., for Ruth L. Thomas.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Los Angeles, Cal., Milan M. Dostal, Trial Atty., Department of Justice, Los Angeles, Cal., for United States of America.

Chase, Rotchford, Downen & Drukker, by Hugh B. Rotchford, Los Angeles, Cal., for United Air Lines.

HALL, Chief Judge.

The United States of America and the United Air Lines, defendants in the above-entitled matters, are each cross-claiming against the other for indemnity or contribution.

On Friday, July 27, 1962, counsel for United Air Lines stated that they are not seeking contribution. In this connection, it will be noted that the parties agreed that the Pre-trial Conference Order would supplement the pleadings and govern the course of the trial unless modified. [Par. IX]. No motion was made to modify the Pre-trial Order, and in Paragraph IX of the Pre-trial Order Re: Cross-Claims, it is stated specifically that United Air Lines contends that it is entitled either to contribution or to indemnity.

Before reaching the gravamen of the question of indemnity or contribution, three preliminary matters should be noted:

■ First—By Paragraph III of the Pre-trial Order Re: Cross-claims, the government reserved its ground of lack of jurisdiction of the court under 28 U.S. C.A. § 2680. The question of jurisdiction over the United States has heretofore been disposed of by this Court in holding that this Court has jurisdiction and that under the facts in the case the United States is not exempt by reason of the so-called discretionary function statute. [28 U.S.C.A. § 2680(a)].

■ Second—United Air Lines asserts that this Court should withhold any decision on the Cross-claims of the parties until such time as one or the other has actually *paid out money* to some or to all of the plaintiffs, and also that this Court withhold decision on the Cross-claims until final judgment in the Delaware case which involved only hull damage between the United States and United Air Lines. It may be that, technically, neither party would be entitled to a *judgment* on its cross-claim for indemnity until money has actually been paid out, but in this case the issues of fact and law on the respective cross-claims of the two defendants are as ripe for decision now as they ever will be, and disposition will not affect, or be affected by, the entry of a judgment thereon, when that time comes.

First of all, the case is unusual in its nature.

There are in fact 24 death cases resulting from a collision on April 21, 1958, between a United States Military Jet and a United Air Lines Airliner.

In each of the cases there was involved, of course, the issue of liability and of damages. Counsel indicated that the issue of liability would be protracted. (It actually took just over 15 weeks.)

This Court consolidated the cases for trial to one jury on the issue of liability, with trial to be had to separate juries on the issue of damages, from which order the United Air Lines appealed, resulting in a holding by the Appellate Court [9 Cir., 286 F.2d 302, cert. den. 366 U.S. 924, 81 S.Ct. 1352, 6 L.Ed.2d 384] that the issue of liability and damages must be tried to the same jury. The intolerable delay and expense to the litigants which would result from trying and re-trying the issue of liability 24 times before 24 separate juries, with possible conflicting verdicts, convinced the Court that here, if ever, the truth of the adage "Justice delayed is justice denied" must be given weight in adjudicating as promptly as possible the claims resulting from the deaths of some 40 passengers, in an airplane, more than four years ago, 24 of which, involving some 70 relatives of the decedents, including many children, are before this court as plaintiffs in interest. Accordingly, the 24 cases were consolidated for all purposes to be tried to one jury, with the issue of liability tried first for a verdict as to United Air Lines, and a finding by the Court as to the United States, which would be applicable to all cases, and then each case tried to the same jury on the question of damages.

The trial began February 6, 1962.

Trial to the Court as to the liability of the United States was had on the evidence produced before the jury. And the two defendants stipulated that trial be had to the Court as to the respective cross-claims on the evidence produced before the jury on the question of liability. The jury verdict on liability as to United Air Lines was returned on May 23, 1962, and the Court found liability as to the United States. Since then, the Court has proceeded continuously with the trial of the several cases as to damages, and is still in that process with several more to be tried on the issue of damages. Judgments, a matter of mere formality as to United Air Lines, have not been entered on the verdicts or the finding of liability as to the United States, by specific direction of the Court because it has been felt, up to this time, that it would be better to wait until all of the cases are tried before judgments are entered so that there will be a uniform time for commencement of time for appeal and a uniform time applicable to motions for new trial.

The matter of the liability of the defendants, as noted, consumed some 15 weeks before the jury, the plaintiffs' case taking less than a week, so that the remaining time, except for the conference on instructions and the argument, was consumed by the two defendants, each principally to the end of exculpating itself and inculpating the other, with plaintiff counsel cross-examining the witnesses of both defendants. It was extensively argued and briefed.

This Court has no way of knowing what evidence was before the Court in the Delaware case. It is the duty of this Court, as the trier of the facts between Cross-claimants, to decide this case on the respective cross-claims on the evidence which was before it, which consisted of not just depositions, but of many live witnesses and exhaustive examination and cross-examination by all parties concerned.

To follow the suggestion of United Air Lines that the decision be delayed until after such time as money is actually paid out or until final judgment[1] in the Delaware case would be for this Court to indulge in a crass indifference to the rights of the parties by compelling them to wait, not only until all of the cases are tried to this jury, but to wait until after the long processes of appeal are exhausted. Moreover, the facts are still fresh in the mind of the Judge; the questions of fact and law are ready for decision, and I shall proceed to decide

1. It is contended that before a judgment is final, the appeal processes have been exhausted either by lapse of time or determination on appeal.

them,[2] withholding entry of money judgments on the plaintiffs' cases until further order of the court.

■ The third preliminary matter comes into the file in a rather unusual way. It is in the form of a letter from United Air Lines' counsel in Delaware to local United Air Lines' counsel of record in this case, and gets into the file by being attached to an affidavit of local counsel that he received it. It should be stricken as not being in compliance with Local Rules, either as to form or as not being signed by a member of the Bar of this court. [See also: F.R.Civ.P. 7, 11, 28 U.S.C.A.]. But this Court has nevertheless considered the points raised in said "letter," and finds no merit in any contention therein made.

I come now to the questions of indemnity and contribution.

They are separate questions.

I shall treat indemnity first.

■ Both are matters of substantive law and not procedural, hence the *lex loci* (Nevada) prevails, and not the *lex fori* (California).

There appears to be no Nevada statute and there are no Nevada cases on indemnity which even remotely approach the facts in this case.

■ The law of Nevada does not recognize the doctrine of comparative negligence between joint tort-feasors. Wells v. Shoemake (1947) 64 Nev. 57, 177 P.2d 451 at 458.

Nevada, by Section 1.030 of the Nevada Revised Statutes (1957), adopts the common law when not in conflict with the Nevada Constitution and Statutes or the Constitution and Laws of the United States.

■ To ascertain the law which would be applied by the court of last resort of the State of Nevada, were the question before it, recourse must thus be had to jurisdictions having comparable death and negligence statutes to Nevada, which have applied the principles of the common law.

It would be an exercise in futility to analyze here the many cases from the many jurisdictions cited by the parties, and other cases examined by the Court, on the subject of either indemnity or contribution, and it would compound confusion to attempt to reconcile the reasoning therein.

■ Suffice it to say that indemnity is the exception and not the rule. Of the many cases cited or examined from various jurisdictions where indemnity has been allowed, there was some special relationship existing between the joint, or concurrent, tort-feasors, or between one of them and the plaintiff, such as contractual (express, implied, or quasi-contractual), licensee-licensor, respondeat-superior, or a finding on the facts of no fault at all, or of "passive" or "constructive" negligence by the party recovering indemnity.

In this case, there is no such special relationship as a matter of fact or law, and I so find. The fact that United Air Lines was certificated by the United States, and was flying an IFR flight plan filed with the appropriate government agency, on an airway established by the United States, and was in the air-space that its flight plan called for when the flight plan called for it, created no such special relationship in law or in fact so as to relieve defendant United Air Lines from exercising the degree of care required of it, under the facts in this case, to the Air Force plane.

Taking the case in its present posture, before indicating my decision on the facts as between the cross-claimants, which I shall presently do, there is a finding by the Court that the defendant United States is liable in that it was

---

2. The government urges that the provisions of the Declaratory Judgment Statute [28 U.S.C. § 2201] and of F.R.C.P. 54(c) and 57, leaves no doubt that the Court has jurisdiction to now decide the questions on the cross-claims, and make its findings of fact and conclusions of law thereon, and await the entry of judgment on the cross-claims until a judgment or judgments are entered in the plaintiffs' cases.

guilty of violating its duty of ordinary care to the plaintiffs, and there is the jury verdict that the United Air Lines which had the duty of utmost care to the plaintiffs, is liable to the plaintiffs.

In searching for a comparable statute to that of Nevada where there is decisional law, I find that the death and negligence statutes of the District of Columbia are more nearly similar to those of Nevada than any others which have been drawn to my attention. And in the District of Columbia, as in Nevada, indemnity is not covered by statute, and the common law prevails in the absence of express statute.

In Busby v. Electric Utilities Employees Union (1944) 323 U.S. 72, 65 S.Ct. 142, 89 L.Ed. 78, the court held:

"That law (of the District of Columbia) is derived from the common law and statutes of Maryland in force at the time of the cession of the District to the United States, as modified by statutes of Congress and *as determined and developed* by the courts of the District. Act of February 27, 1801, 2 Stat. 103." (Italics supplied.)

The matter of indemnity to a joint or concurring tort-feasor who was under the duty of utmost care to a third party from another joint or concurrent tort-feasor who was under the duty of only ordinary care to the same third party has been developed and determined in the District of Columbia by the District Court, and approved by the United States Court of Appeals for the District of Columbia.

In Warner v. Capital Transit Co. (Dist.Col.1958) 162 F.Supp. 253, the question of indemnity for damages resulting from joint or concurrent negligence, from one owing the duty of ordinary care to one owing the duty of utmost care, was squarely met and decided, and that case is cited with approval by the United States Court of Appeals for

the District of Columbia in D. C. Transit System v. Slingland (1959) 105 U.S. App.D.C. 264, 266 F.2d 465, 72 A.L.R.2d 1290, cert. den. 361 U.S. 819, 80 S.Ct. 62, 4 L.Ed.2d 64.

In the Warner case the Court held that there was no right of indemnity on the part of the tort-feasor having the duty of utmost care to a plaintiff as against the tort-feasor having a duty of only ordinary care to the same plaintiff, and stated, 162 F.Supp. at page 256, as follows:

"The law of the District of Columbia does not recognize degrees of negligence. It defines negligence differently in respect to the care that a common carrier must exercise toward its passengers than it does in respect to negligence under other circumstances, but in either event, the issue is whether the defendant was negligent. Consequently, it is the view of this Court that there is no right of indemnity as between two joint tort-feasors, each of whom has been held guilty of negligence on its own part, merely because one is held accountable for the highest degree of care and the other for ordinary care."

The same rule applies in California which, like Nevada, follows the common law when not in conflict with statutory law. Atkinson Co. v. Merritt, Chapman & Scott Corp. (N.D.Cal.1956) 141 F. Supp. 833 [3] and California cases there cited.

But it is not necessary to rely upon the doctrine pronounced by the above cases in the case at bar for the reason that the Court finds from the totality of all of the evidence that there was active and not passive or secondary negligence on the part of both defendants which concurred, and that such concurrent (or joint) negligence on the part of both defendants was the primary, efficient and proximate cause of the mid-air collision which caused the 24 deaths upon which

3. While that case held there could be neither contribution nor indemnity, the California law has since been changed permitting contribution. [Calif. CCP, Sec. 875 added in 1957].

these cases are founded. Each defendant, from the pilots up, including all concerned in the operational level of both defendants, breached the duty of ordinary care to the other, which each owed to the other, and as the parties have agreed, increases or decreases as do the dangers which should be apprehended. Each of the defendants were *in pari delicto*. Neither the United States nor the United Air Lines was guilty of wanton or wilful neglect.

In view of the above conclusions, none of the cases relied on by United Air Lines are in point, as in all of the cases cited by the parties or examined by the Court, no indemnity has been allowed where the parties were *in pari delicto* as they were here.[4]

Neither defendant is entitled to indemnity from the other.

I come now to the question of contribution.

As with indemnity, there is no Nevada statute and no Nevada cases that can be found which are authoritative on the question of contribution. We must, therefore, look to the principles of common law.

In many jurisdictions it was held that the principles of common law did not allow contribution between joint or concurrent tort-feasors. But this proposition which puts a premium on delay, evasion, and sequestration of property by a joint tort-feasor who can and will resort to such tactic, and puts a punishment on a joint tort-feasor who can be caught first by the judgment creditor, has been repudiated in many jurisdictions, either by statute or by case law. Moreover, the application of that doctrine leaves the way open for collusion between a plaintiff and one joint tort-feasor against a third or other joint tort-feasor.

4. United Air Lines cites a number of cases to the proposition that the failure to discover a dangerous condition by a public carrier and to take reasonable steps to remedy it entitled them to indemnity. All of the cases are distinguishable on the facts, or in the legal relationship of the parties coupled with the facts. Snohomish County v. Great Northern Railroad Co. (C.C.A.9, 1942) 130 F.2d 996, is a good illustration of that disparity. In 1937, after an 8 to 10 day rain, a fill and culvert, built and worked on and maintained by the County since 1910, proved inadequate, resulting in flooding with water, gravel, logs and other debris flowing over the railroad right-of-way, derailing a train and causing damages from which two suits by the Railroad against the County resulted. One suit was for damages to the train and the right-of-way, and the other was for indemnity for sums which the railroad had paid out on claims for personal injury. The jury decided against the County and for the railroad in the damage case—thus holding the railroad not guilty of negligence in the exercise of ordinary care to the County. Here, the Court finds United Air Lines did not exercise ordinary care to the United States. The court in the Snohomish case found for the railroad on indemnity for money which it had paid to its passengers, and held that the railroad was guilty of only *passive or constructive* negligence in its failure to discover the defective condition of the fill and culvert, which it would have done by a reasonably careful inspection of its right-of-way. There, the flood waters crossed the right-of-way once in 27 years, and then after an 8 to 10 day rain. Here, for six years or more the United States had flown from 200 to 250 sorties a day, of which 40 to 60 were Jet penetrations on, over and across the airway Victor-8 used by United Air Lines, at speeds just below and in excess of the speed of sound. There were previous near-misses with United Air Lines planes. The planes of the United States weighed tons. United Air Lines was given a map showing the areas of combat training, target practice, bombing range, acrobatic maneuvers, dog-fighting areas, formation flying, and other maneuvers used by the Air Force, and which lay on both sides of Victor-8. Nellis field was on Victor-8. Yet no one in United Air Lines made any effort to ascertain from the Air Force any schedule or times of flying, the heights, speeds, maneuvers, or jet penetrations, or other details of the highly dangerous flying activity at Nellis. There just is simply no comparability of facts to give Snohomish any precedential value or binding authority in this case.

In 1942 the United States Court of Appeals for the District of Columbia in George's Radio v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219, examined the common law rule at length with reference to many cases, and concluded that contribution was allowable between joint (or concurrent) tort-feasors in the absence of wilful or intentional misconduct. The Court said, 126 F.2d at pages 220–221:

> "And this, we think, is the present trend of those courts in which the question has recently been considered. And the reason for the change of view, though variously expressed, in the main hinges on the doctrine that general principles of justice require that in the case of a common obligation, the discharge of it by one of the obligors without proportionate payment from the other, gives the latter an advantage to which he is not equitably entitled. As the result, it is now, we think, definitely established in the better considered cases that there may be contribution in favor of one who has vicariously been required to bear the whole loss.

> "We are, therefore, of opinion that the rule denying contribution in favor of unintentional or negligent tort-feasors is wrong to the same extent that it would be wrong to enforce contribution in the case of wilful wrongdoers or those guilty of flagrantly wrongful conduct, and we cite in the footnote below some of the cases in which the position we take is logically sustained."

In Knell v. Feltman (1949) 85 U.S. App.D.C. 22, 174 F.2d 662, that court again examined the origin of the rule, and found, and I think correctly so, that the true common law rule of no-contribution was that there could be no contribution only when both joint tort-feasors were wilful or intentional wrongdoers, and sustained the right of contribution between joint tort-feasors, even when the injured party sought and obtained judgment against only one of them.

The case of D. C. Transit System v. Slingland (1959) 105 U.S.App.D.C. 264, 266 F.2d 465, 72 A.L.R.2d 1290, cert. den. 361 U.S. 819, 80 S.Ct. 62, 4 L.Ed.2d 64, is somewhat analogous to the case at bar in that the plaintiff recovered judgment against both the public carrier (D. C. Transit System) and the United States for personal injuries. The court pointed out that the acts of the drivers of the bus and the mail truck united to produce the result and constituted mutually contributing and concurrent acts which caused the injury to the plaintiff. It followed the doctrine of Knell v. Feltman, supra, and of the previous case of George's Radio v. Capital Transit Co., supra, in holding that contribution is proper between non-intentional or wilful joint tort-feasors.

I conclude that neither party is entitled to indemnity from the other and that each is entitled to contribution from the other so that neither will be compelled to bear the whole loss, except that United Air Lines cannot recover any portion of the costs which may be assessed against it from the United States, as the Tort Claims Act precludes it. It should be noted also that in the event judgments in differing amounts are assessed against either defendant, the Court may not necessarily follow the rule of percentage contribution set out in the Slingland case, supra, but reserves its ruling in such cases to await the event.

At the earliest opportunity, the Court will settle findings of fact and conclusions of law in conference with counsel.