Thomas Jeffrey **LENTZ**, a minor by Thomas W. Lentz, his natural father, and Thomas W. Lentz, Individually, Plaintiffs,

v.

**FREEMAN ASSOCIATES CARIBBEAN, INC.,** Eugene H. Smith, doing business as Smitty's Mechanical and Rental, Government of the Virgin Islands, William Kopenski and Leola Kopenski, Defendants.

**Civ. No. 76/30.**

District Court Virgin Islands, D. St. Thomas and St. John.

Nov. 18, 1977.

Thomas Alkon, Isherwood, Colianni, Alkon & Barnard, Christiansted, St. Croix, U. S. V. I., for plaintiffs.

Frederick G. Watts, Loud & Campbell, Charlotte Amalie, St. Thomas, U. S. V. I., for defendant Freeman Associates Caribbean, Inc.

Jean-Robert Alfred, Christiansted, St. Croix, U. S. V. I., for defendant Eugene H. Smith.

Roderick Q. Lawrence, Asst. Atty. Gen., St. Thomas, U. S. V. I., Charlotte Amalie, for defendant Government of the Virgin Islands.

Alphonso A. Christian, Charlotte Amalie, St. Thomas, U. S. V. I., for defendants William and Leola Kopenski.

WARREN H. YOUNG, District Judge.

## I

This lawsuit stems from a vehicular collision involving the plaintiffs, Thomas Jeffrey Lentz and Thomas W. Lentz, and one of the co-defendants herein, Leola Kopenski. Plaintiffs seek damages, for injuries allegedly suffered from Leola Kopenski as well as her husband and owner of the Kopenski vehicle, William Kopenski. Plaintiffs contend that the condition of the road on which the accident occurred contributed causally to the accident and they accordingly have joined as defendants, herein, the designer of the road, Freeman Associates Caribbean, Inc. (FAC), the builder of the road, Eugene H. Smith, and the owner, the Government of the Virgin Islands. Plaintiffs have demanded a jury trial in their actions against FAC, Smith and the Kopenskis. The liability of the Government must be tried by the Court, 33 V.I.C. § 3413, and no judgment may be awarded against the Government in excess of $25,000.00. 33 V.I.C. § 3411(c).

This lawsuit poses three questions of first impression in this jurisdiction: (1) Where the Government, as one of several joint tortfeasors, would, but for 33 V.I.C. § 3411(c), be proportionately responsible for plaintiffs' injuries in an amount in excess of $25,000.00, should plaintiffs' total recovery be reduced by said excess, or should the adjudged joint tortfeasors bear the burden of the statutory limitation upon government liability? (2) Should the jury, after determining total damages suffered by plaintiffs, apportion said award among all of the defendants, acting in an advisory capacity to the judge as to the government's liability, or should the jury concern itself solely with the proportionate fault of the private party defendants? (3) Upon entry of separate judgments against the government and private party defendants, how is contribution to be effected amongst the several defendants?

## II

Where the government, as one of several joint tortfeasors, is relatively responsible to plaintiff for more than $25,000 of a total award, who should suffer as a consequence of the monetary limit on judgments against the government? In situations where the government is alone culpable, it is the plaintiff who suffers, for judgment must be limited to $25,000 regardless of plaintiff's actual damages. FAC, Smith and the Kopenskis (hereinafter "the private party defendants") urge that a similar result should flow from instances wherein the government is one of several defendants and its relative share of responsibility exceeds, monetarily, the statutory judgment limit. They contend that the total judgment should be reduced by that amount of the government's proportionate responsibility which exceeds $25,000. Plaintiffs contend that they should be entitled to full recovery, from whatever source, and that the private party defendants should bear the burden of 33 V.I.C. § 3411(c), in their claims for contribution.

Prior to the passage of contribution statutes, the vast majority of American jurisdictions adhered to the common-law rule that no contribution could be had among joint tortfeasors. *See, generally,* Shearman and Redfield on Negligence § 894 (1970); Prosser, The Law of Torts § 50 (1971). Plaintiff was entitled to recover in full against any of the jointly liable defendants, and upon execution by plaintiff, the discharging tortfeasor had no recourse whatsoever against the remaining defendants for contribution regardless of their degree of fault. *See,* Restatement of Restitution § 102 (1936); Note, 45 Harv.L.Rev. 349 (1931); Note, 68 Yale L.J. 964 (1959). The

obvious inequities of such a result, particularly in situations where two or more defendants were unintentionally responsible for plaintiff's injuries, led to the passage of statutes authorizing various modes of contribution among joint tortfeasors, or to the recognition of a right to contribution, without a statute, in the majority of American jurisdictions. Tent. Draft No. 16, Restatement of Torts, Second § 886A, pp. 195–6 (April 24, 1970). The Virgin Islands legislature, on February 15, 1973, enacted such a statute, providing that contribution among joint tortfeasors be effected per findings by the trier of fact of the proportionate liability of each of several defendants found jointly liable to a plaintiff. 5 V.I.C. § 1451(d); *See, also Gomes v. Brodhurst,* 394 F.2d 465 (3d Cir. 1967).

■ Where contribution is based upon findings of comparative fault, as in this jurisdiction, or on a pro-rata formula pertaining solely to the total judgment award and the number of defendants liable thereon, plaintiff's right to proceed against any one of the defendants for satisfaction in full has remained undisturbed. Indeed, the local statute specifically provides that comparative fault determinations do not affect the joint and several liability of each defendant to plaintiff, for the entire judgment amount.[1] Accordingly, where one of several defendants found jointly liable to plaintiff is insolvent, or otherwise without sufficient funds to remit the entire judgment amount or its adjudged share of monetary liability, plaintiff may nonetheless execute against any of the remaining defendants for the entire judgment. The inability of any one of several defendants to contribute to the satisfaction of a judgment is of no consequence from the purview of plaintiff, for as long as one defendant is capable of effecting satisfaction in full, plaintiff may so recover. Each defendant is as responsible to plaintiff for the whole of his injury as if it were the sole causal factor.

The relative degrees of fault of the defendants, as well as their relative financial capabilities, become germane solely within the ambit of actions for contribution.

■ I feel that the policy considerations underlying the above-described scheme warrant that the burden of 33 V.I.C. § 3411(c) be placed upon private party tortfeasors, not upon the injured plaintiff. Where it is found that plaintiff was injured that a particular sum of money would compensate plaintiff fairly and reasonably for his injury, and that several defendants—amongst them, the government—are responsible for plaintiff's injury, plaintiff should be entitled to recover in full from any one of the several defendants without regard to their relative degrees of fault. The fact that our code limits recovery from the government to $25,000 should not affect the joint and several liability of the remaining tortfeasors. The burden of said statutory limitation should be borne by the private party defendants, as if the government were an insolvent joint tortfeasor, not by the injured plaintiff. Accordingly, the procedure set forth in Part III of this Memorandum Opinion for joint court/jury trials and the mode of computing the ultimate liability of multiple defendants as to each other for contribution, as enunciated in Part IV of this Memorandum Opinion, will be premised upon my decision to place the financial burden of the government's limited tort liability upon the remaining adjudged joint tortfeasors rather than upon the plaintiff.

### III

■ The Virgin Islands Code, 5 V.I.C. App.I R. 39(c) as well as the Federal Rules of Civil Procedure, Rule 39(c), permits the use of an advisory jury in situations analogous to the matter *sub judice. Dawson v. Contractors Transport Corp.,* 151 U.S.App.

---

1. 5 V.I.C. § 145(d) provides:

Where recovery is allowed against more than one defendant, the trier of fact shall apportion, in dollars and cents, the amount awarded against each defendant. *Liability of defendants*

*to plaintiff shall be joint and several but,* for contribution between defendants, each defendant shall be liable for that proportion of the verdict as the trier of fact has apportioned against such defendant. (emphasis supplied).

D.C. 401, 404, 467 F.2d 727, 730 (1972); *Poston v. United States*, 262 F.Supp. 22, 23–4 (D.Haw.1966); *but see, Honeycutt v. United States*, 19 F.R.D. 229 (W.D.La.1956). As an advisory panel, the jury would render findings as to the government's culpability and proportionate degree of fault, as well as that of any private party defendants. However, as to the government, said findings would not be binding, inasmuch as the Court would have the ultimate responsibility of adjudicating the government's liability. 33 V.I.C. § 3413; Wright and Miller, *Federal Practice and Procedure* § 2335.

Alternatively, the jury would concern itself solely with the issues as to the private party defendants. It would ascertain the total damages to which plaintiff might be entitled, adjudge the liability of each of said defendants, and apportion fault amongst them, without any regard to the liability of the government. The Court would enter separate findings as to total damages, and as to the liability, if any, of the government therefor.

My preference is to employ the latter procedure, limiting the jury's role to a consideration of the issues as to the private party defendants. In cases involving multiple defendants, hard questions as to the liability of any one party are often compromised by a jury by attributing a small percentage of fault to said party in relation to the remaining tortfeasors. In light of the statutory limit on government liability and my decision as to the allocation of the financial burden thereof, such a result should be avoided wherever possible. By limiting the jury's role, I feel that any compromise on the issue of liability as to the private party defendants will be obviated.

Accordingly, the procedure which I shall heretofore employ is as follows: (1) the jury will concern itself solely with the private party defendants, determining plaintiffs' total damages, and the proportionate degree of fault of each of said defendants; (2) the Court will render independent findings as to plaintiff's damages, as well as the culpability of the government; (3) judg-

ment will be entered against the private party defendants, jointly and severally, pursuant to the verdict of the jury; (4) judgment will be entered against the government pursuant to the Court's findings, subject to the limitation of 33 V.I.C. § 3411(c); (5) plaintiff may recover no more than the greater of the two judgment awards; and (6) in accordance with part IV of this Memorandum Opinion, the Court will effect a merger of the two judgments for the sole purpose of computing the ultimate liability of all defendants to each other for contribution.

## IV

■ There is no simple, perfect solution to the problem of how best to ascertain the ultimate liability of the defendants to each other for contribution. Due to the unique situation in the Virgin Islands, there is a virtual void of helpful case law. Under Virgin Islands law, findings as to comparative fault must be rendered for the purpose of effecting contribution, 5 V.I.C. § 1451(d); where a jury demand has been made, but the government is one of the defendants, the action against the government must be tried separately; 33 V.I.C. § 3413; and no judgment may be entered against the government in excess of $25,000. 33 V.I.C. § 3411(c). I have agonized over how best to incorporate these requirements into one, fair procedure. My principal concern has been to arrive at a formula which will prove workable and equitable in every conceivable circumstance, rather than to concern myself solely with the factual circumstances at hand.

I am guided by the decision reached by the United States Court of Appeals for the District of Columbia in *D.C. Transit System, Inc. v. Slingland*, 105 U.S.App.D.C. 264, 266 F.2d 465 (1959). Slingland sued the D.C. Transit System, Inc., and the United States, for damages due to personal injuries sustained when a Transit bus in which she was a passenger was struck by a mail truck operated by an employee of the Post Office Department.

The case against Transit was tried to a jury at the same time the presiding judge tried the case against the United States under the Federal Tort Claims Act, 28 U.S. C.A. §§ 1346, 2671–2680. The jury awarded plaintiff a verdict against Transit for $25,-000, reduced by remittitur to $15,000. The judge found against the United States, and for the same injuries assessed $10,000 as the damages. As to the issue of contribution, the trial judge held that the defendant which paid the judgment against it would be entitled to contribution from the other of any amount exceeding one half the judgment paid.

Because the trial court's ruling would require the United States to pay more than its pro-rata share of the judgment award against it, and inasmuch as a different factual setting might result in the United States contributing more than its total liability, the appellate court rejected said ruling. 266 F.2d at 470, n. 4. The court held that for the purpose of contribution, each defendant would be responsible for that percentage of the judgment against it which the larger of the two judgments bore to the sum of both judgments.

The formula which I will employ is strikingly similar to that arrived at by the D.C. Circuit Court, and after attempting endless mathematical variations, I am convinced that the similarity is not coincidental. When consideration is given to numerous conceivable factual settings, the ensuing computation represents the most equitable method of effecting contribution. The *Slingland* court did not address settings involving multiple private party defendants, and the computation applied by the court must be altered, semantically, in order to address said settings. I hold that, where the government is one of two or more tortfeasors adjudged liable for damages to plaintiff, and where separate judgments have been entered against the private party defendants and the government, each defendant will be liable, for contribution purposes, for that proportion of the higher of the two judgments which its proportionate monetary liability as found by the jury or total judgment liability as found by the Court bears to the sum of both judgments.

The following hypothetical situations reflect the application of this formula:

## Hypothetical No. 1

The jury finds A liable to P in the amount of $50,000, and judgment is entered accordingly. The Court finds G liable to P in the amount of $25,000, and judgment is entered thereon. P may execute on either judgment, however, via set-offs, his total recovery cannot exceed $50,000, the higher of the two judgment amounts. Upon satisfaction of P's claim, contribution between A and G will be effected as follows:

A will be responsible for $33,333 of P's recovery (50,000/75,000 = 33,333/50,000.) G will be responsible for $16,666 thereof. (25,000/75,000 = 16,666/50,000). Depending upon the manner in which P executes to satisfy his claim, contribution payments will be made to comport with said computation as to ultimate responsibility.

## Hypothetical No. 2

The jury finds A, B, and C liable to P in the amount of $400,000, apportioning $100,-000 thereof to A, $100,000 to B and $200,-000 to C. The Court finds G liable to P for $25,000. Judgments are entered on the jury verdict and findings of the Court. P may execute on either judgment, with total recovery limited to the higher amount— $400,000. Upon satisfaction of P's claim, contribution will be effected as follows:

A will bear responsibility for $94,117 of P's recovery. (100,000/425,000 = 94,117/400,000). B will bear $94,117 thereof. C will bear $188,234. (200,000/425,000 = 188,234/400,000), and G, $23,529. (25,000/425,000 = 23,529/400,000). Depending upon the manner in which P executes to satisfy his claim, contribution among all defendants will ultimately reflect said computations.[2]

---

**2.** Hypothetical # 2 reflects the imperfection of my holding as to the formula for computing ultimate apportionment of damages. Where the liability of the government would have ex-

### Hypothetical No. 3

The jury finds A, B and C liable to P in the amount of $40,000 apportioning $10,000 each to A and B, and $20,000 to C. The Court finds G liable to P in the amount of $10,000. Judgments are entered. Upon P's total recovery of $40,000 contribution will be effected as follows:

A and B each will bear ultimate responsibility for $8,000 of P's recovery (10,000/50,000 = 8,000/40,000); C will bear responsibility for $16,000 thereof (20,000/50,000 = 16,000/40,000), and G, $8,000 (10,000/50,000 = 8,000/40,000).

### Hypothetical No. 4

The jury finds A, B and C liable to P for $20,000 apportioning $5,000 each to A and B, and $10,000 to C. Judgment is accordingly entered against A, B and C. The Court finds G liable to P in the amount of $25,000, and enters judgment accordingly. P may execute against any one of the private party defendants for $20,000 and, subsequently, against G for $5,000. P may otherwise execute on the judgment against G for $25,000. Ultimate contribution will be effected as follows:

A and B will each bear responsibility for $2,777 of P's total recovery (5,000/45,000 = 2,277/25,000). C will be responsible for $5,556 thereof (10,000/45,000 = 5,556/25,000), and G for $13,890 (25,000/45,000 = 13,890/25,000).

### Hypothetical No. 5

The jury awards P $50,000 against A, B and C apportioning $12,500 each to A and B and $25,000 to C. The Court finds G liable to P in the amount of $25,000. Judgments are entered thereon. P's recovery is limited to the higher of the two judgments, $50,000, and in the event he proceeds initially against G the private party defendants will be entitled to a set-off of $25,000. Ulti-

mate liability for contribution will be applied as follows:

A and B will each bear responsibility for $8,333 of P's recovery (12,500/75,000 = 8,333/50,000) while C and G will bear responsibility for $16,667 thereof (25,000/75,000 = 16,667/50,000).

---

ceeded $25,000 but for 33 V.I.C. § 3411 (c), the hypothetical reflects that ultimate government liability may not even reach said statutory limit. However, notwithstanding said anomaly, I

am convinced that the above described formula constitutes the most equitable and feasible mode of computing ultimate contribution liability.